# Pugh *v.* Youngblood.

### *Statutory Action in the Nature of Ejectment.*

1. *Sale of lands for taxes; statute of limitation.*—The point of time, from which the bar of the statute, prohibiting the institution of an action for the recovery of lands sold for the non-payment of taxes after the expiration of five years from the date of sale (Code of 1876, § 464), is to be computed, is the date of the execution of the deed by the judge of probate, that being the final, consummating act of sale.

2. *Same; effect of the bar of the statute.*—When the purchaser of lands sold for taxes has continued in the open and continuous possession thereof, claiming title, for the period of five years from the execution of the deed of the judge of probate, the statute cuts off all inquiry into the regularity of the sale, and operates a bar to an action brought for the recovery of the land, whatever may be the recitals of the deed, or however erroneous they may be, or whatever may have been the irregularities attending the sale.

3. *Deed to purchaser of lands at tax sale is color of title, though invalid.*—Although a conveyance to the purchaser of lands sold for non-payment of taxes may not recite facts which would support the sale, and for that reason is invalid upon its face, such conveyance constitutes color of title, and possession taken and held under it is adverse, and will not only bar the entry of the true owner, but will ripen into an indefeasible title, if it be continued for the period prescribed by the statute of limitations.

APPEAL from Pike Circuit Court.

Tried before Hon. JOHN P. HUBBARD.

This was a statutory real action in the nature of ejectment brought by B. F. Pugh and others, the appellants, against David Youngblood, M. T. Youngblood and J. E. H. Rushing,

VOL. LXIX.

[Pugh v. Youngblood.]

the appellees, and was commenced on the 5th day of May, 1881. The appellees, defendants in the lower court, pleaded, in short by consent, the general issue, and "the statute of limitations of five years under a tax title," and the cause was tried on issue joined on these pleas. On the trial, as shown by the bill of exceptions, the appellants, plaintiffs in the lower court, proved that they were the only heirs at law of Wade H. Pugh, deceased, who died in the county of Pike intestate in the year, 1870, seized and possessed of the lands sued for; that the defendants, at the time of the commencement of the suit and at the time of the trial, were in possession of the lands, and had been in the possession thereof for more than seven years before this suit was brought; and that "some of the plaintiffs were of full age at the time Youngblood went into possession and others arrived at age after he went into possession."

The defendants thereupon proved and read in evidence, against the plaintiff's objection, a deed executed by Willis C. Wood, the judge of probate of said county, to the defendant, David Youngblood, in 1874, conveying to him, as purchaser at tax sale, the lands in controversy. The recitals and terms of this deed are in substantial compliance with the form prescribed by the revenue law of 1868 (Pamph. Acts, 1868, p. 323), except that the recital, that "the taxes assessed upon said real property for the year aforesaid remained due and unpaid at the date of the sale, hereinafter named," is not contained in the deed. It was also shown that there was an error in the recital of the deed as to the time when the sale was made, the deed reciting that it was made in May, 1871, while the fact was shown to be, that it was made in May, 1872. Thereupon the court, on the defendants' motion, allowed Willis C Wood, who was the judge of probate when the deed was made, but whose term of office had expired, to correct the mistake. The plaintiffs excepted to the admission of the deed in evidence, and also to the ruling of the court in allowing the deed to be corrected. It was also shown, that the defendant, David Youngblood, went into the possession of said land, under his purchase at the tax sale, in 1872, and that he and the other defendants to whom he sold and conveyed the lands had ever since that time been in the open and continuous possession thereof, claiming title thereto under the tax sale and the deed of the judge of probate made in pursuance thereof. The plaintiffs then offered to prove, that at the time the taxes for which the lands were sold became due, and from that time to the date of the sale, there was sufficient personal property "on the premises of the said Wade H. Pugh, deceased," to pay said taxes, and which could have been found by diligent search; but that no such search for personal property was made by the tax collector, and that he did not make

[Pugh v. Youngblood.]

any demand on them for the taxes, or for personal property out of which to make the taxes. But, on objection made by the defendants, the court refused to permit the offered proof to be made, and the plaintiffs excepted. The foregoing being substantially all the evidence, the court charged the jury, at the request of the defendants, that if they believed the evidence, their verdict must be for the defendants, to which the plaintiffs excepted.

Judgment was entered on verdict for the defendants, from which the plaintiffs appealed. The rulings of the Circuit Court above noted are here assigned as error.

WM. H. PARKS and M. N. CARLISLE, for appellants.

JNO. D. GARDNER, contra.

(No briefs came to the hands of the reporter.) *

BRICKELL, C. J.—The undisputed facts in the case are, that the lands in controversy were sold for the payment of taxes, one of the defendants becoming the purchaser, receiving from the tax collector a certificate of the purchase. The period for redemption having expired, a deed was executed to the purchaser, under which he and those claiming under him had been in the open possession of the lands, claiming them for more than five years before the commencement of this suit. The statute prohibits the institution of an action for the recovery of lands sold for the non-payment of taxes, after the expiration of five years from the date of the sale, with an exception of particular persons not material now to be noticed.—Code of 1876, § 464. We have heretofore decided, that the point of time from which the bar is to be computed, is the execution of the deed by the judge of probate ; that is the final, consummating act of sale. The deed of the probate judge, by the revenue law, is made *prima facie* evidence of the facts recited in it, in all controversies relative to the land conveyed.—Code of 1876, § 460. This is the value of the deed as evidence before the expiration of the period of limitation to actions for the recovery of the lands. When that period has expired, and for it there has been open, continuous possession, with a claim of title, however erroneous may be the recitals of the deed—whatever may be the variances between its statements as to the years for which the taxes were assessed, and the assessment itself, or whatever may have been the irregularities attending the sale, the statute operates a bar to the action, and was intended to foreclose all inquiry into the regularity of the sale. *Pillow v. Roberts*, 13 How. 472. The purposes of the statute,

the evils it was intended to cure, can not be misapprehended. By the common law a purchaser at tax sale, though having a conveyance from the proper officer reciting fully a compliance with all the provisions of the revenue law upon which the authority to sell depended, was bound to prove a strict compliance with them by evidence independent of the recitals of the conveyance, or he could not recover the lands, and lost the sum he had bid and paid. The consequence was, that it was but seldom such titles could be supported, and they became almost, if not quite valueless. The owners of real estate neglected the payment of taxes, speculating upon the probabilities of the invalidity of sales for the payment, and the difficulty of proving their validity, when every condition had been performed, and every requisition of the law had been met. Therefore, the legislature deemed it wise to declare, as they had undoubted power to declare, not that the recitals of the deed of the judge of probate should be conclusive, but that they should be *prima facie* evidence of the facts recited—of the regularity of all proceedings.

An outstanding conveyance, made on a sale of lands for the payment of taxes, casts a cloud upon the title, embarrassing alienation. Though it may not have recited facts which would support the sale, and was therefore invalid upon its face, it was color of title; and a possession taken and held under it was adverse, and if continued for the period prescribed by the statute of limitations, would not only bar the entry of the true owner, but ripen into an indefeasible title.—*Dillingham v. Brown*, 38 Ala. 311. To give repose to all such titles, however irregular may have been the sales, when accompanied by possession; or if not accompanied by possession, to quiet all litigation springing from them within a limited, defined period— within a period in which all facts could be ascertained and proved, is the purpose of the statute limiting actions to five years. If for that period the purchaser or his assignee permits the owner to remain in possession, claiming title, however formal may be his conveyance, however regular may be the sale, however valid the title he acquired, the statute intervenes and bars his right of recovery; and if the owner permits the purchaser for that period to remain in possession, claiming title, however irregular may have been the sale, whatever may be the imperfections or inaccuracies of the recitals of the conveyance, the statute protects the possession.—*Pillow v. Roberts, supra; Edgerton v. Bird*, 6 Wis. 527. The defendants having been, anterior to the commencement of suit, in uninterrupted possession, claiming title, for a period of more than five years after the execution of the conveyance, all inquiries into the regularity of the sale—into the conformity of the recitals of

[Jones v. Hilliard.]

the conveyance to the assessment, or to the certificate of purchase, were foreclosed.   It is unnecessary, therefore, to consider the several rulings of the Circuit Court, to which exceptions were reserved.   If there be error in them, it is error without injury.   Litigation would be unnecessarily protracted, if judgments were reversed because of errors harmless to the party complaining, which, if not committed, could not, and ought not not to have altered the judgment rendered.

Affirmed.