78 So.2d 313

**Cornelia HEARD**

v.

**Robert GUNN.**

6 Div. 739.

Supreme Court of Alabama.

Jan. 13, 1955.

Rehearing Denied March 10, 1955.

Huey, Stone & Patton, Bessemer, for appellant.

McEniry, McEniry & McEniry, Bessemer, for appellee.

284

## PER CURIAM.

This is a bill in equity seeking to redeem a lot of land sold for state and county taxes. The trial court overruled a demurrer to the bill and respondent has appealed from the decree.

The bill alleges that Phil Gunn, now deceased, had been the owner of the lot. That it was sold for its taxes on June 13, 1949, and was purchased by respondent; that on June 17, 1952 a deed was executed to respondent by the state land commissioner; that Phil Gunn's only heirs at law were his wife and brothers and sisters; that complainant is a brother, and that "he or the heirs of Phil Gunn were in possession of said property from the death of Phil Gunn (which occurred in 1948 before the tax sale) until June 17, 1952". The bill further alleges that an offer to redeem was made by complainant, and it was refused by respondent, and complainant offers to pay all sums ascertained by the court to be necessary to redeem.

Those allegations show that complainant did not remain in possession of the land continuously to the date of filing this suit on October 22, 1953, but that respondent has had possession since June 17, 1952.

■ In the first place, we note that the deed alleged to be made to respondent was by the state land commissioner. He has jurisdiction of land bought in by the state at tax sale: not that bought by an individual at such sale. Title 51, sections 278 to 282, 315 to 318, Code. When an individual buys at a tax sale the deed is made by the judge of probate. Title 51, sections 276–277. When land is bought in by the state the redemption may be had at any time before the title passes out of the state. Title 51, section 303. The land commissioner cannot sell the land bought in by the state until five years have elapsed from the date of sale. Title 51, section 317. The bill alleges that the land commissioner deeded the lot on June 17, 1952, and that respondent bought the lot at tax sale on June 13, 1949. So that, there must be an error in respect to those allegations. But in any event, the right to redeem expired not later than June 17, 1952, and probably June 13, 1952, by virtue of section 276, supra. To exercise the right to redeem prescribed by statute, the procedure is set out in section 304 when the state buys at the sale and by section 305, supra, when someone other than the state buys. The bill alleges that respondent bought at the sale on June 13, 1949. When so, in order to redeem the requirements of section 305 must be observed within three years from the date of the sale by virtue of section 303, supra. It is not contended that those provisions were complied with. When they are not complied with the only right to redeem is by virtue of section 296, Title 51, Code. We have had numerous cases prescribing the circumstances necessary to support an exercise of that right. Belcher v. McGinty, 251 Ala. 342, 37 So.2d 430; Bobo v. Edwards Realty Co., 250 Ala. 344, 34 So.2d 165; Moorer v. Chastang, 247 Ala. 676, 26 So.2d 75; Tensaw Land & Timber Co. v. Rivers, 244 Ala. 657, 15 So.2d 411, and others not necessary to cite.

■ One of the requirements which is prescribed as necessary is that at the time the bill is filed complainant must be in such possession of the property as that a suit for the recovery of the land may be maintained against him: for it is only available under the statute to one sued for possession (or subject to such a suit). It was also held that the complainant seeking the right must have remained in possession continuously from the time of the tax sale to the time of filing the bill. Bobo v. Edwards Realty Co., supra; Standard Contractors Supply Co. v. Scotch, 247 Ala. 517, 25 So.2d 257; Burdett v. Rossiter, 220 Ala. 631, 127 So. 202.

■ The bill in the instant case does not undertake to comply with the above mentioned requirements. When they are complied with, there is no time limit to an ex-

ercise of the right. The short statute of limitations, three years,—section 295, Title 51, has no application. It is not an extension of the time in which a statutory redemption may be had.

The demurrer to the bill should have been sustained.

The decree of the trial court should be reversed, a decree here rendered sustaining the demurrer and the cause remanded with leave to amend the bill within twenty days, if so desired.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Reversed, rendered and remanded.

LIVINGSTON, C. J., and LAWSON, STAKELY and MERRILL, JJ., concur.