150 So.2d 699

**Fern W. REUTER**

**v.**

**MOBILE BUILDING AND CONSTRUCTION TRADES COUNCIL.**

**1 Div. 42.**

Supreme Court of Alabama.

Feb. 28, 1963.

Hamilton, Denniston, Butler & Riddick, Mobile, for appellant.

Wilkins, Stephenson & Byrd, Mobile, for appellee.

SIMPSON, Justice.

This appeal is from a decree of the Circuit Court of Mobile County, in Equity, declaring a tax sale to appellant void and allowing appellee to redeem certain real property.

The basic allegations of the bill of complaint are: that appellee, through its trustees, is the owner of substantially all of the capital stock of the Mobile Labor Temple Association, a corporation, which ceased to exist by non-user prior to the year 1940; that the Association owned the property in question prior to 1940; that the property was sold at a void tax sale; that at the time the bill was filed appellant had not been in actual adverse possession thereof for three years from the date she became entitled to demand a tax deed, and accordingly appellee is entitled to redeem the property.

Appellant, claiming the property through the tax sale, takes the position that the Mobile Labor Temple Association had not ceased to exist as a corporate entity, and assuming arguendo a dissolution, appellee did not have such an interest in the realty which would entitle it to redeem. At the trial appellant contended that if the tax sale were void, she was entitled to the short statute of limitations. But appellant now concedes that her possession did not extend over the necessary three year period after she became entitled to demand a tax deed.

*On the Validity of the Tax Sale*

A close examination of the record shows that there was an attempted personal service of notice of the pending tax sale in accordance with § 252, Tit. 51, Code of Ala. 1940; then followed notice by publication as provided in § 259, Tit. 51, Code of Ala. 1940, which was published in the newspaper on April 6, 13, and 20, 1950 and being returnable to the Probate Court on May 8, 1950. Appellee asserts service of notice was not perfected until 30 days after April 6, which would be May 6, thus within the ten days prior to the term to which the service of notice is returnable (§ 258, Tit. 51, Code of Ala.1940); and the sale is void. Appellant contends that service of notice was perfected when the last notice was published on April 20, although less than ten days before the term to which the same was returnable.

We agree with appellee, that the tax sale was void, the Probate Court being without jurisdiction to order a sale due to a failure of proper notice.

The authorities are in agreement that in a sale of real property for taxes great strictness is required and the statutory provisions must be rigorously pursued. Morris v. Mouchette, 240 Ala. 349, 199 So. 516; Pollak v. Milam, 190 Ala. 569, 67 So. 381; Johnson v. Harper, 107 Ala. 706, 18 So. 198.

Section 254, Tit. 51, Code of Ala.1940 provides:

"The publication of notices under the preceding sections is governed by the provisions of this title relating to the publication of notices of sale of land, so far as the same may be applicable,

and the tax collector may select the newspaper in which any notice under this chapter shall be given, but all legal notices relating to the sale of land for taxes shall be inserted in the same newspaper for the tax year."

Section 259, Tit. 51, supra, provides, inter alia:

"Immediately at the end of any term of court at which any decree for sales of real estate for payment of taxes are rendered, or as soon thereafter as practicable, the tax collector shall proceed to enforce such decree by sales of real estate ordered to be sold, and to this end *shall give notice for thirty days before the day of sale, by publication for three successive weeks* in some newspaper published in the county. * * *" (Emphases added.)

Section 258, Tit. 51, supra, provides, inter alia:

"If service of such notice is perfected ten days before the commencement of the term to which the same is returnable, the cause shall stand for trial at such term; * * *."

Justice Brown writing in Crump v. Knight, 256 Ala. 601, 56 So.2d 625, in construing these statutes stated the rule as follows:

"Under the provisions of the statutes quoted, said taxpayer was entitled to 30 days' notice perfected ten days previous to the term of court at which his land was to be condemned for sale."

It is thus apparent that service of 30 days notice was not perfected ten days prior to the term of court at which the same was returnable. Service of notice was commenced on April 6; the statute demands 30 days notice, in which case it would be "perfected" on May 6, only two days before it was returnable on May 8. Being bound to the interpretation of the statutes announced in the Crump and other cases, we are constrained to hold the tax sale invalid for want of compliance with the statutes. The Probate Court was therefore without jurisdiction to order a sale. Johnson v. Harper, supra; Smith v. Cox, 115 Ala. 503, 22 So. 78.

### On Appellee's Right to Redeem

We now consider appellee's right of redemption to the realty in question. Appellee seeks to redeem the realty as a tenant in common (§ 303, Tit. 51, Code of Ala. 1940) of a defunct corporation. Appellant contends appellee failed to prove that it was a tenant in common because the corporation had not ceased to exist nor had appellee proved any other interest under § 303, supra, which would entitle it to redeem.

A stipulation was entered into that Mobile Labor Temple Association had ceased to use the corporate franchise for five years prior to 1940. Appellee urges that the corporation had therefore ceased to exist due to § 21(85), Tit. 10, Code of Ala.1940, as amended, which provides, inter alia:

"The non-use of a corporate franchise for a period of five consecutive years is a forfeiture of such franchise. * * *"

Appellant on the other hand contends that § 21(85) should be construed with § 1133, Tit. 7, Code of Ala.1940, which in substance provides that an action may be brought against a corporation by the Attorney General on behalf of the State to vacate the corporate charter when such corporation "[h]as forfeited its privileges of franchises by failure to exercise its powers"; in short, that there is no automatic termination of a corporation's existence under § 21(85), and therefore title to the real property remained in the corporation, and the appellee as shareholder should not be allowed to redeem.

As we view it, a consideration of this disputed question is unnecessary for a determination of the case, because whether the corporation is extant or defunct, the share-

holders should be allowed to redeem to protect their interests in the corporate assets.

Section 303, Tit. 51, Code of Ala.1940, provides, inter alia:

> "Real estate which hereafter may be sold for taxes and purchased by the state may be redeemed at any time before the title pass out of the state, or if purchased by any other purchaser, may be redeemed at any time within three years from the date of the sale by the owner, his heirs or personal representatives, or by any mortgagee or purchaser of such lands, or any part thereof, or by any person having an interest therein, or any part thereof, legal or equitable, in severalty or as tenant in common, including a judgment creditor, or other creditor having a lien thereon, or any part thereof; * * *."

■ It would appear, therefore, that a shareholder of a corporation, whether extant or defunct, would have a sufficient "equitable" interest in the real property of a corporation which would enable him to redeem under § 303. The redemption must be for the benefit of the shareholders as a whole or for the corporation as the case may be. In the case of an extant corporation, legal title to all property is vested in the corporation, but the shareholders have an equitable interest in all corporate assets, which we here hold sufficient to enable the shareholders to redeem real property sold for taxes. Where a corporation has been dissolved and there has been no distribution of corporate assets, title to realty becomes vested in the shareholders as tenants in common; this interest would of course, be sufficient to allow a redemption from a tax sale provided all other statutory requisites are met. The cases are too numerous to cite that the redemption statutes are to be construed most favorably to the redemptioner.

■ In an anomalous situation such as the case at bar, where a corporation is inoperative but has not been formally dissolved, there is no one other than the shareholders to protect the corporate interests. The shareholders would of course be protecting their own interests as well. We do not believe that property rights should be defeated through an inadvertent failure to meet formal requisites. Appellant will concede that had the corporation been formally dissolved through a filing of the necessary papers, appellee would be entitled to redeem as a tenant in common of the realty of a dissolved corporation. See 13 Am.Jur., Corporations, § 1352.

■ Appellant urges that laches would bar redemption by appellee. We see no room for the application of that doctrine. Any person enumerated in § 303, supra, has three years from the date of sale in which to redeem. Here, the action was filed to avoid the sale and to redeem the realty before the expiration of three years from the time appellant received title from the State. Appellee could in no wise be said to have been negligent in asserting its rights, nor could the claim be said to be stale. Blewett v. Stallworth, 248 Ala. 242, 27 So.2d 206.

We find no error to reverse.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.