[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 304 
These consolidated appeals are from judgments denying relief in suits to have tax sales declared void and to redeem land from those tax sales. We affirm.
George and William O'Connor, appellants, acquired adjoining parcels of land in Baldwin County in 1955 by purchase from the government. Both parcels were sold to the appellee, Mrs. Rabren, on June 5, 1972, for non-payment of taxes. Tax deeds were issued to Mrs. Rabren on June 12, 1975. Three months later she filed a petition to quiet title to both parcels. In December 1975, the trial court entered final judgment (based upon judgment by default against the O'Connors), quieting title to the land in Mrs. Rabren.
The O'Connors filed the present quiet title actions in July 1976, seeking a declaration that the tax sales were void and seeking to redeem from the tax sales. They alleged that the sales were void for failure to comply with the statutory requirements for tax sales. Subsequently, George O'Connor died, and William O'Connor, as his executor, was substituted as the real party in interest in the action involving George's land.
After hearing testimony ore tenus, the trial court found that the O'Connors were not entitled to the relief sought. This appeal followed.
On appeal, the O'Connors contend that they were entitled to have the tax sales declared void, to have the tax deeds cancelled, to redeem from the tax sales, and to have title quieted in themselves. They insist that the trial court's judgment denying relief is against the great weight of the evidence.
The trial court made no specific findings of fact. Nevertheless, our review, on appeal, is governed by the principle that, in the absence of specific findings of fact by the trial court, this Court will assume that the trial court made those findings necessary to support its judgment, unless such findings would be clearly erroneous and against the great weight and preponderance *Page 305 
of the evidence. Lipscomb v. Tucker, 294 Ala. 246,314 So.2d 840 (1975).
We pretermit discussion of the effect, if any, which Mrs. Rabren's 1975 quiet title judgment had on the subsequent proceedings and proceed to consider the validity of the tax sales.
The first issue is whether the O'Connors were entitled to have the tax sales declared void and the tax deeds cancelled. The trial court, in denying this relief, must have necessarily found that the statutes prescribing the notice and methods of sale in tax proceedings were strictly followed.
The O'Connors introduced certified copies of pertinent pages from the Tax Sale Books of the Baldwin County Tax Collector's Office. They contend that these records reflect irregularities in the tax sales for failure to comply with Code 1975, §§40-10-5, -12, -13, and -15.
However, § 40-10-5 is inapplicable here because it deals with assessments to an "owner unknown." The assessments in the instant case were to George O'Connor and William O'Connor, with no addresses listed.
Our cases are in agreement that the statutory provisions must be strictly followed. Reuter v. Mobile Building ConstructionTrades Council, 274 Ala. 614, 150 So.2d 699 (1963).
In order to determine whether the other sections were strictly followed, we turn to the tax sales records admitted into evidence. They show that the notices of delinquency were issued by the probate judge on March 1, 1972. Hearings were set for April 10, 1972, first day of the term of court. Notice was given by publication ten days before April 10, as required bylaw. The probate judge entered judgments of sale on May 4, 1972. Thirty days' notice of the sales was given by publication for three successive weeks, and the lands were sold to Mrs. Rabren and the sales reported on June 5, 1972. The probate judge confirmed the sales on June 10, 1972.
The rule of our cases is that in tax sale proceedings recitals in a decree in the language of the law are prima facie evidence of the facts so recited, with special application to the recital as to notice, but are subject to contradiction by other evidence. The burden is on one who would contradict the recitals of the decree to prove that no notice was given as required by law. Hester v. First National Bank, 237 Ala. 307,186 So. 717 (1939).
Moreover, by statute the certified copies of probate and tax collector's records are prima facie evidence of the facts stated therein. Code 1975, § 40-10-81. Since the O'Connors presented no evidence to contradict these records, and the records appear to be regular on their face, we must conclude that the sales were valid.
Notice of delinquency must be given for thirty days by publication for three successive weeks. Code 1975, §§ 40-10-4, -6, -12. Such notice must be perfected ten days prior to the commencement of the term of court. Code 1975, § 40-10-11. The O'Connors contend that the records show that proper notice of delinquency by publication was not given. We must disagree.
The records state that notice was given as required by law.
If publication began on March 1, 1972, the thirty-day period would be completed on March 30, 1972. Therefore, notice by publication would be perfected ten days prior to commencement of the term of court on April 10, 1972.
Notice of sale must also be given for thirty days before the date of sale by publication for three successive weeks. Code 1975, § 40-10-12. The O'Connors contend that the records show that proper notice of sale by publication was not given. Again, we must disagree. The record states notice was given asrequired by law. If publication began on May 4, 1972, the thirty-day period would expire on June 2, 1972, three days before the sales on June 5, 1972.
Section 40-10-13 requires a report of sale within ten days. The sales here were reported on the same day they were made, June 5, 1972. Confirmation may be entered five days after the report of sale. Here, the sales were confirmed on June 10, 1972, five days after the report. *Page 306 
Section 40-10-15 provides for the manner of sale and duties of the judge of probate. The O'Connors do not specify which part of this section was violated. The records entered into evidence show compliance with this statute, and there is nothing in the record to indicate non-compliance.
There is no irregularity on the face of the tax sale records and nothing offered in evidence to show any irregularity in the sales on the points raised by the O'Connors. It is thus that we find the trial court was correct in refusing to declare the tax sales void and to cancel the tax deeds.
We now address the issue of redemption.
Land sold for taxes to a purchaser other than the state may be redeemed within three years of the date of sale. Code 1975, § 40-10-120. The O'Connors' suits for redemption came four years after the sales. Thus, their only right to redeem is under Code 1975, § 40-10-83. Heard v. Gunn, 262 Ala. 283,78 So.2d 313 (1955).
The purpose of § 40-10-83 is to preserve the right of redemption without limit of time, if the owner of the land seeking to redeem has retained possession. Moorer v. Chastang,247 Ala. 676, 26 So.2d 75 (1946). The character of possession need not be actual and peaceable, but may be constructive or scrambling. Tensaw Land Timber Co. v. Rivers, 244 Ala. 657,15 So.2d 411 (1943).
Where there is no real occupancy of the land, constructive possession follows the title of the original owner and will not be cut off by any possession by the tax purchaser short of adverse possession. Tensaw Land Timber Co. v. Rivers, supra.
The O'Connors do not claim actual or scrambling possession, but rest their right to redeem under § 40-10-83 on constructive possession, as record title holders. However, we find evidence in the record which clearly supports a finding that Mrs. Rabren has exercised actual possession sufficient to defeat the constructive possession of the O'Connors and bar their right to redeem under § 40-10-83.
The land was described by Mrs. Rabren and her witnesses as beach-type property with large oak trees on it. Neither of the O'Connors had ever been on the property except William O'Connor, who stated he looked at it one time and that it was sand dunes covered with scrub brush. Mrs. Rabren and her relatives and friends used the land for fishing and camping, especially in the summer. They cleaned garbage from the land on several occasions and put up "no trespassing" signs. They also cleaned out underbrush, and spoke with neighbors on either side of the lots. Mrs. Rabren assessed the land and paid taxes on it since the tax sales.
Considering the nature of the property, we think these are acts of actual, adverse possession. To establish adverse possession, land need only be used in a manner consistent with its character. Turnham v. Potter, 289 Ala. 685, 271 So.2d 246
(1972). In Turnham, the tax sale purchaser paid taxes, took his family on the land for a picnic, consulted experts on its potential use, trimmed stretches of the land line, and talked with a neighbor. This Court held these acts sufficient to adversely possess a tract of wooded land not used for cultivation. The acts of possession in the instant case are of the same character and serve to defeat the O'Connors' constructive possession. Without possession, the O'Connors have no right to redeem under § 40-10-83.
We note that Mrs. Rabren's possession is authorized under Code 1975, § 40-10-74. A purchaser at a valid tax sale has the right to possession immediately upon receipt of the tax sale certificate. This right of possession may be enforced by ejectment or other proper remedy for recovery of possession, and may be defended once possession is obtained, subject to any rights of redemption. Moreover, the original owner may not assert the right to redeem under § 40-10-83 by wrongful reentry to regain possession. Bobo v. Edwards Realty Co., 250 Ala. 344,34 So.2d 165 (1947). *Page 307 
But, the O'Connors contend that their right to redeem is preserved by Code 1975, § 40-10-82. That statute provides that an action to recover land sold for taxes must be brought within three years of the date when the purchaser is entitled to demand a tax deed. This is commonly known as the "short statute of limitations" and operates to bar redemption rights under §40-10-83, and all other actions to recover land sold for taxes, if the tax sale purchaser is in continuous adverse possession for three years following the date he is entitled to a tax deed. Riley v. Depriest, 295 Ala. 68, 322 So.2d 713 (1975). Under that section, a purchaser at a void tax sale may ripen possession into an indefeasible title. Odom v. Averett,248 Ala. 289, 27 So.2d 479 (1946).
The O'Connors' reliance upon this section is misplaced; we find nothing in it creating or preserving a right to redeem, only a provision barring such a right.
We conclude that there is ample evidence to support the trial court's denial of relief. The O'Connors are unable to redeem because they have no possession, regardless as to whether or not the tax sales were valid. We have noted above that the record reflects that the tax sales were valid.
The rights and remedies of the parties following a valid tax sale may be summed up as follows. After confirmation of the sale, the purchaser, or the state if the land is bid in for the state, is entitled to a certificate of purchase. Code 1975, §§40-10-19, -20. The purchaser (other than the state) is then immediately entitled to possession, and "if possession is not surrendered within six months after demand therefor,"[1] the purchaser (other than the state) may bring an action in ejectment or other action for possession. Code 1975, §40-10-74. After the expiration of three years from the date of sale, a purchaser other than the state is entitled to a deed [Code 1975, § 40-10-29], and land bid in for the state may be sold and the purchaser given a deed. Code 1975, §§ 40-10-132, -135.
The original owner, or his successor in interest, may redeem the land within three years from the date of sale to a purchaser other than the state, or any time before title passes out of the state if the land was sold to the state. Code 1975, § 40-10-120. Once that initial redemption period expires, only those original owners or their successors who have possession may redeem, without limit of time. Code 1975, § 40-10-83;Tensaw Land Timber Co. v. Rivers, supra. However, the short statute of limitations may bar redemption under § 40-10-83 if the tax purchaser is in continuous adverse possession for three years after he was entitled to demand a deed. Code 1975, §40-10-82; Turnham v. Potter, supra. The short statute of limitations will also bar all other actions for the recovery of real estate sold for taxes which are not brought within three years of the date when the purchaser could have demanded his deed, including actions for possession brought by the purchaser.
AFFIRMED.
FAULKNER, JONES, ALMON and EMBRY, JJ., concur.
[1] In the State's case, the statute, § 40-10-73, reads "within six months from the date of sale after demand therefor."