JONES, Justice.
W.K. Patterson appeals from a judgment 1) ordering Patterson to accept Ware M. Porter’s offer to redeem real property purchased by Patterson at a tax sale and 2) setting the amount necessary to redeem the property. We affirm.
Allen D. McCaghren owned two adjoining pieces of real estate in Etowah County, Alabama (described as Lots 1 and 2, Block 9, Rainbow Park). The 1983 ad valorem tax on this property was assessed to McCa-ghren. McCaghren did not pay the 1983 tax; however, on February 11, 1983, he sold the property to JBM Investment Properties, Inc. (“JBM”), a corporation of which Porter was the president and sole shareholder.
On March 25,1983, JBM and Louis Dixon Stracener executed a real estate sales contract for the sale of certain real property— the Rainbow Park lots and a lot in another area of the county — by JBM to Stracener. On May 3, 1983, JBM sold the Rainbow Park lots to Martie Stracener and Louis Dixon Stracener and executed a warranty deed to that effect. According to Porter’s testimony, a mortgage and note were drawn up and signed simultaneously with the deed, but the mortgage and note were not dated until July 12, 1983. The mortgage listed as collateral both the Rainbow Park property and the other property purchased by the Straceners from JBM, and the note, “due and payable in full on August 1, 1983,” read, in part, as follows:
“It is agreed that this note may be paid by payment of an unsecured debt owed by JBM Investment Properties, Inc., to Alabama City Bank in the sum of $7,844.34.
*752 [[Image here]]
“This note is for a loan this day made to Martie R. Stracener and Louis Dixon Stracener and is secured by a mortgage on real estate situated in Etowah County, Alabama....”
On May 6, Martie Stracener mortgaged her interest in the Rainbow Park property to Central' Bank of the South (“Central Bank”) in consideration for a loan of $10,-000. The proceeds of the loan were payable to Martie Stracener and to JBM. On August 15, 1988 — JBM having ceased to exist as a corporate entity — Porter paid the balance due on the note executed by Martie Stracener to Central Bank, and Central Bank assigned the mortgage and note to Porter. All of the transactions between JBM and McCaghren, between Central Bank and Martie Stracener, and between JBM/Porter and the Straceners were duly recorded in the office of the probate judge of Etowah County.
Porter testified that he discovered that Patterson had purchased the Rainbow Park property at a tax sale held on May 29, 1984, when he asked his lawyer to update the title on the property. Porter contacted Patterson and offered to redeem the property.[1] Patterson, in a letter responding to Porter’s offer, stated that he did not believe that Porter fell within the “class” of persons entitled to redeem the property, and he requested copies of all documents proving Porter’s claims. Despite Porter’s compliance with this request, Patterson refused Porter’s offer to redeem the property, offering instead to sell the property to Porter.
Porter sued Patterson on September 19, 1988, and alleged 1) that Patterson had not notified Porter, JBM, or Central Bank of Patterson’s purchase of the Rainbow Park property; 2) that Porter had offered to redeem the property and that he’ had requested a statement of the amount required for redemption; 3) that Patterson had refused to allow redemption or to give Porter a statement of the amount required for redemption, but that Patterson had offered to sell the property to Porter; 4) that Porter stands “ready, willing, and able” to redeem the property; and 5) that Porter is entitled to redeem the property under the provisions of Ala.Code 1975, § 40-10-120 et seq. Porter sought relief in the form of 1) a determination of the amount necessary to redeem the property; 2) an order directing Patterson to allow Porter to redeem the property; and 3) an order to transfer the title to the property to Porter upon payment of the redemption amount.
A nonjury hearing was held on February 10, 1989, and the trial court entered the following order on February 16, 1989:
“This cause coming on to be heard before the court, and the court having to hear evidence ore tenus, and having considered the same, it is therefore:
“ORDERED, ADJUDGED, and DECREED by the court as follows:
“1. That [Patterson] did not comply with the notice provisions of Ala.Code 1975, § 40-10-120, with respect to the mortgagees JBM Investment Properties, Inc., and Central Bank of the South prior to the filing of this action.
“2. That [Porter] is the holder of said mortgages and is entitled to redeem the property in dispute from the tax sale held on May 29, 1984.
“3. That the amount necessary to redeem said property is $320.10.
“4. Upon payment of said sum to the Tax Collector of Etowah County, Alabama, said property shall be redeemed and all right, title, and interest of W.K. Patterson in and to the following described property shall be divested from him and shall be vested in Ware M. Porter:
“Lots 1 and 2 in Block 9 of Rainbow Park as shown by map or plat thereof recorded in Plat Book ‘C,’ Pages 18 and 19, Probate Office, Etowah County, Alabama.
“5. [Porter] being entitled to relief under Count 1 of his Complaint, the *753 court makes no findings in regard to count II thereof.” [2]
Because Patterson appeals from a judgment based upon evidence presented in a nonjury hearing and challenges the trial court’s factual findings, our analysis of his allegations of error is governed by the ore terms rule. Under this standard of review, where the trial court hears disputed material evidence and enters a judgment thereon, we will presume that the judgment, if supported by credible evidence, is correct, and we will reverse “only if the judgment is found to be plainly and palpably wrong after a consideration of all the evidence and after making all inferences that can logically be made from the evidence.” King v. Travelers Ins. Co., 513 So.2d 1023, 1026 (Ala.1987) (emphasis in original). See, also, Robinson v. Hamilton, 496 So.2d 8 (Ala.1986).
Section 40-10-120 provides, in part:
"Real estate which hereafter may be sold for taxes and purchased by the state may be redeemed at any time before the title passes out of the state or, if purchased by any other purchaser, may be redeemed at any time within three years from the date of the sale by the owner, his heirs or personal representatives, or by any mortgagee or purchaser of such lands, or any part thereof, or by any person having an interest therein, or in any part thereof, legal or equitable .... If the mortgage or other instrument creating a lien under which a party seeks to redeem is duly recorded at the time of said tax sale, the said party shall, in addition to the time herein specified, have the right to redeem said real estate sold, or any portion thereof covered by his mortgage or lien, at any time within one year from the date of written notice from the purchaser of his purchase of said lands at tax sale served upon such party_” (Emphasis added.)
Despite Patterson’s assertions to the contrary, the evidence presented to the trial court as to whether Patterson had complied with the notice requirement of Alabama’s redemption statute was in dispute. At the hearing, Patterson produced photocopies of the letters he contends he sent to Porter and to Central Bank informing them, as mortgagees of the Rainbow Park property, that Patterson had purchased the property at the tax sale for the 1983 ad valorem taxes.
This evidence, contends Patterson, was sufficient to invoke the presumption of law “that a letter, properly addressed with sufficient postage, and unreturned to the sender whose address is shown on the envelope, was received by the addressee.” Harrell v. Alabama Farm Bureau Mut. Cas. Ins. Co., 287 Ala. 259, 264, 251 So.2d 220, 224-25 (1971). We agree with Patterson’s basic premise, but we disagree with his ultimate conclusion that the evidence was insufficient to overcome the presumption that the letter of notice was in fact received.
Both Porter and a representative of Central Bank (the vice-president who handled the note and mortgage transactions involving the Straceners and Porter with regard to the Rainbow Park property and who brought to the hearing, under subpoena duces tecum, the bank’s file on these transactions) testified at the hearing that they had not received a letter from Patterson giving notice of his purchase of the property at a tax sale. The Harrell opinion, cited by Patterson and quoted above, goes on to provide that “[ejvidence tending to show that a letter was not received raises a question for the trier of fact as to whether the letter was mailed.” Harrell, supra, 287 Ala. at 264, 251 So.2d at 224-25. See, also, Security Ins. Co. of Hartford v. Smith, 360 So.2d 280 (Ala.1978).
We hold that Patterson’s evidence produced a sufficient factual dispute on the issue of notice to support the trial court’s holding that Patterson had not complied with the notice requirement of § 40-10-120 and that Porter, as the holder of the mort *754 gages on the property, was entitled to redeem the property from Patterson. The inconsistency between the direct examination testimony of Patterson and that of Porter and the Central Bank employee, along with the testimony of Patterson on cross-examination as to how he learned of the mortgages on the property; his reason for refusing Porter’s request for redemption (which was unrelated to the statute’s notice requirements); his delay in making a claim that notice had been given to the mortgagees (first raised by Patterson in his amended answer); and the testimony of the chief clerk from the tax assessor’s office that that office had sent delinquent tax notices and tax sales notices to Allen McCa-ghren and Louis Dixon Stracener (not to JBM, Porter, or Central Bank), amply supports the trial court’s rejection of Patterson’s “notice” defense.
As authority for his contention that his testimony regarding the mailing of notice to Porter and Central Bank was sufficient to invoke the presumption of notice to the mortgagees, Patterson also cites the case of Currie v. Great Central Ins. Co., 374 So.2d 1330 (Ala.1979), which held that a party’s statement “that he did not receive the notice, without more, does not overcome the presumption that he received it.” 374 So.2d at 1332 (emphasis added). Currie, however, is clearly distinguishable from this case.
Here, the trial court heard the testimony of the parties and of the bank representative regarding the nonreceipt of the notice of the tax sale, heard additional testimony, as outlined above, bearing on the issue of notice, and observed the demeanor of the witnesses. While we agree with Currie’s rejection of a witness’s bare assertion of nonreceipt as sufficient evidence to rebut the presumption of notification by mail, we do not agree with Patterson’s contention that the Currie decision dictates a reversal of the judgment in this case.
Patterson also contends that the trial court erred in its computation of the amount required of Porter to redeem the Rainbow Park property. We disagree.
Section 40-10-122, entitled “Manner of redemption when land sold to party other than state,” includes the method of computing the amount necessary to be paid by the party seeking redemption of property sold at a tax sale to an entity other than the state. At the hearing before the trial court, Porter introduced the affidavit of the clerk of the Etowah County tax collector’s office. As a part of his affidavit statement, the tax clerk set out the § 40-10-122 computation of the taxes, costs, and interest on the Rainbow Park property through 1987 and further stated that this amount, a total of $269.70, had been paid by Patterson. The trial court’s order set the amount Porter must pay to Patterson in order to redeem the property at $320.10 — the tax collector’s stated $269.70 total plus the 1988 taxes of $50.40.
Patterson argues that the computation method of § 40-10-122 is not available to Porter because Porter did not exercise his right to redeem the property within three years from the date of the tax sale. We agree that the three-year limitations period of § 40-10-120, limiting the use of that section’s method of redemption to parties who exercise the right to redeem within “three years from the date of the sale,” also limits who may use the method of computation set out in § 40-10-122. See Heard v. Gunn, 262 Ala. 283, 78 So.2d 313 (1955).
However, the “date of the sale” of the Rainbow Park property was not, as Patterson contends, in May 1984. Instead, the three-year limitations period began to run from the date Patterson was issued a tax deed conveying the property to him— June 10, 1987. In Van Meter v. Grice, 380 So.2d 274 (Ala.1980), this Court was called upon to interpret and apply the provisions of § 40-10-120, which, at that time, carried a limitations period of two rather than three years. Nevertheless, we reaffirm our holding in that case with regard to the point at which the limitations period of § 40-10-120 begins to run: “Although the statute refers to ‘[three] years from the date of the sale,’ this has been interpreted as [three] years from the date of issuance *755 of the tax deed, ‘the final, consummating act of sale.’ Pugh v. Youngblood, 69 Ala. 296, 298 (1881).” Van Meter v. Grice, 380 So.2d at 278. (Emphasis added.)
Patterson was issued a tax deed for the Rainbow Park property on June 10, 1987. Between that date and September 19, 1988, when Porter filed the instant action, Porter made his request to Patterson that he be allowed to redeem the property. We hold, therefore, that Porter’s offer to redeem was timely made under the provisions of § 40-10-120[3] and, therefore, that the trial court was correct in computing the amount necessary to redeem the property by the method set out in § 40-10-122.
Applying the ore tenus standard of review to the conflicting evidence presented to the trial court, and viewing that evidence in the additional context of the general rule of law that redemption statutes are to be construed most favorably to the redeeming party (see, e.g., Reuter v. Mobile Bldg. & Constr. Trades Council, 274 Ala. 614, 150 So.2d 699 (1963)), we hold that there was sufficient evidence to support the judgment appealed from. Therefore, we can not say that the trial court’s judgment was erroneous or manifestly unjust, and we affirm that judgment in favor of the redemption-er, Ware M. Porter.
AFFIRMED.
HORNSBY, C.J., and SHORES, HOUSTON, and KENNEDY, JJ., concur.

. Porter testified that, when he first contacted Patterson about the property, Patterson had already received a tax deed for the Rainbow Park property; therefore, it appears that Porter’s offer to redeem was made at some time after June 10, 1987, the date of the tax deed to Patterson.

. Porter’s complaint also included an allegation that the tax sale was void as a result of Patterson's failing to notify the mortgagees of record and, therefore, that the tax sale conveyance to Patterson was a taking of property from Porter without due process of law. Because the trial court specifically refused to address this argument, it is not before this Court on appeal.

. We note that, while we answer Patterson's allegation of error in the trial court’s computation of the amount necessary to redeem based on what Patterson claims to be the untimeliness of Porter's request to redeem, this issue need not have been addressed in order to appropriately dispose of this appeal. Because we hold that the trial court correctly held that Patterson did not comply with the notice provisions of the statute, Porter’s right to redeem could not be cut off by the three-year limitations period. See, e.g., Farmer v. Hill, 243 Ala. 543, 11 So.2d 160 (1942); and Farmer v. Hill, 240 Ala. 416, 199 So. 820 (1941).