645 So.2d 1361 (1994)
Albert DAUGHERTY and John Daugherty, d/b/a Daugherty Associates
v.
Joe RESTER and Southern Power, Inc.
1921461.
Supreme Court of Alabama.
March 25, 1994.
Rehearing Denied August 12, 1994.
Cheryl Daugherty, Vestavia Hills, for appellants.
Andrew P. Campbell and Suzanne Johnson Miceli of Leitman, Siegal, Payne & Campbell, P.C., Birmingham, for appellee.
James H. Evans, Atty. Gen., and Ron Bowden, Chief Counsel, Dept. of Revenue, and Asst. Atty. Gen., for amicus curiae.
MADDOX, Justice.
This case involves an interpretation of a provision in a redemption statute relating to the time when an owner can redeem property that has been sold for nonpayment of taxes.
The specific issue is whether the phrase "three years from the date of the sale" in the redemption statute means three years from the date of the issuance of the tax deed or means three years from the date of the issuance of the certificate of purchase, when the property was actually sold for nonpayment of taxes.
The trial court held that the original owners could redeem under the provisions of §§ 40-10-120 and 40-10-122, Ala.Code 1975, because, it held, the phrase "three years from the date of the sale" meant three years from the date of the issuance of the tax deed.[1]
Joe Rester purchased a piece of real property in Pelham, Alabama, from Mary L. Harris in October 1987. Shortly after this purchase, *1362 construction began on a new $200,000 facility on the property for Southern Power, Inc. Although the deed from Harris to Rester contained a notation instructing that future tax notices be sent to Rester, the Shelby County tax collector continued to send tax notices to Harris, the former owner. Neither Harris nor Rester paid the taxes.
On May 17, 1989, Albert and John Daugherty purchased the property at a tax sale, and thereafter the property was assessed in their names. The Daughertys have since paid the taxes on the property. On June 3, 1992, the tax collector issued a tax deed to the Daughertys; they duly recorded it with the probate judge in Shelby County.
On December 17, 1992, the Daughertys sued Rester and Southern Power in ejectment, pursuant to § 6-6-280 et seq., Ala. Code 1975, in order to force them to either vacate the property or redeem the property pursuant to § 40-10-83, Ala.Code 1975.[2] On February 3, 1992, Rester and Southern Power filed a counterclaim for redemption, asking the court to allow redemption under §§ 40-10-83, 40-10-120, and 40-10-122, Ala. Code 1975. On March 10, 1993, Rester and Southern Power filed a "Motion for Default Judgment, Summary Judgment and for Order Allowing Funds to be Paid," asking the court to allow them to redeem the property under §§ 40-10-120, 40-10-122, or 40-10-83, Ala.Code 1975. On April 19, 1993, the trial court ruled that Rester and Southern Power were entitled to redeem the property pursuant to §§ 40-10-120 and 40-10-122, Ala.Code 1975.
The Daughertys argue that the trial court erred in allowing Rester and Southern Power to redeem pursuant to §§ 40-10-120 and 40-10-122, Ala.Code 1975, because the Daughertys say the only redemption statute available to Rester and Southern Power is § 40-10-83, Ala.Code 1975. The Daughertys argue that the phrase "date of the sale" in § 40-10-120 should be interpreted as the date of the issuance of the certificate of purchase rather than the date of the issuance of the tax deed. Thus, the Daughertys contend that the time limit for redemption under § 40-10-120 has expired.
There are a couple of Alabama cases, Van Meter v. Grice, 380 So.2d 274, 278 (Ala.1980), and Patterson v. Porter, 555 So.2d 750, 754-55 (Ala.1989), holding that the meaning of "three years from the date of the sale"[3] in § 40-10-120 should be interpreted as three years from the date of the issuance of the tax deed, the "final, consummating act of sale." The Daughertys contend that although Van Meter v. Grice, 380 So.2d at 278, and Patterson v. Porter, 555 So.2d at 754-55, state that the "date of the sale" in § 40-10-120 means the date of the issuance of the tax deed, these two cases rely on Pugh v. Youngblood, 69 Ala. 296 (1881), which was applying the statute that is now codified, as amended, at § 40-10-82, Ala.Code 1975, and not § 40-10-120, Ala.Code 1975. The Daughertys argue *1363 that Van Meter and Patterson have misinterpreted § 40-10-120. We agree.
The Alabama Department of Revenue has filed an amicus curiae brief with this Court in support of the Daughertys' position, and the Department argues that before this Court's opinion in Van Meter tax officials in Alabama had a much easier time administering the laws regarding redemption of property from tax sales because the law was viewed as being straightforward, with all provisions meshing to form a cohesive whole. The Department states that the uniform and long-standing interpretation of the Department and local tax officials was that once the deed was delivered to the tax purchaser, the right of redemption under § 40-10-120 had expired. They contend that Van Meter caused an eruption of confusion among the local tax officials in the state and that the phrase "within three years from the date of the sale" contained in § 40-10-120 refers only to the sale at the courthouse where the tax sale purchaser first acquires his certificate of purchase. They argue that reading the "date of the sale" to mean the initial sale at the courthouse is a more reasonable interpretation of legislative intent when reading the statutes together as a whole, and that the plain meaning of the words reflects an intent of the legislature to provide the same three years between the date of the sale at the courthouse and the issuance of the tax deed for the original owner to redeem the property. We agree.
The Daughertys are correct that this Court in Pugh v. Youngblood, 69 Ala. 296 (1881), the case cited in Van Meter, was interpreting § 464, Ala.Code 1876, which is now found in an amended form at § 40-10-82, Ala.Code 1975.[4]Pugh did not involve redemption of land but rather an action in the nature of ejectment challenging the validity of the tax sale. Pugh 69 Ala. at 296. The Court in Pugh was construing the statute of limitations for recovery of land sold for taxes.
Our interpretation of the redemption statutes seems consistent with the interpretation of at least one writer, who stated the following:
"The purpose of the three-year limitation of action [of § 40-10-82, Ala.Code 1975,] is to prescribe a short period for testing the validity of tax sales. The legislature recognized the difficulties in tracing title through tax sales and proving strict compliance with the statutory requirements.... The statute was intended to foreclose all inquiry into the validity and regularity of the tax sale."
William R. Justice, Redemption of Real Property Following Tax Sales in Alabama, 11 Cumb.L.Rev. 331, 341 (1980) (footnotes omitted).
The "date of the sale" language that appeared in § 464, Ala.Code 1876, and which was construed in Pugh was amended to "from the date when the purchaser became entitled to demand a deed." See supra note 4. The statutes now codified at §§ 40-10-82 and 40-10-120 were both amended in 1935. 1935 Ala.Acts, No. 194, §§ 260, 268. It seems that if the legislature had intended that the phrase "from the date of the sale" in § 40-10-120 mean the date of the issuance of the tax deed or the date the purchaser was entitled to demand a tax deed, it would have used the same "from the date when the *1364 purchaser became entitled to demand a deed" language as in § 40-10-82.
Furthermore, interpreting the "three years from the date of the sale" language of § 40-10-120 to mean three years from the date of the sale at the courthouse at which the certificate of sale was issued places the redemption statutes and the tax sale statutes in harmony with one another. After a tax sale has occurred as provided by statute, the purchaser is issued a certificate of purchase, §§ 40-10-19, 40-10-20, Ala.Code 1975; "[a]fter the expiration of three years from the date of the sale of any real estate for taxes" the purchaser is entitled to a tax deed upon return of the certificate of purchase. § 40-10-29, Ala.Code 1975 (emphasis added). It seems that the legislature intended for the three-year period between the issuance of the certificate of purchase and the issuance of the tax deed to be the same three years allowed for the original owner to redeem under § 40-10-120, especially in light of the fact that the same "three years from the date of the sale" language is used and the fact that all of these Code sections were included in the same 1935 act. 1935 Ala.Acts, No. 194, §§ 231, 232, 241, 260, 268. A 1989 opinion by the attorney general also expressed this view:
"The statutory and case law as a whole indicate that former owners have three years from the date of the sale at the courthouse in which to redeem under section 40-10-120. Section 40-10-29, Code of Alabama 1975, provides that after the expiration of three years from the date of the sale, the Judge of Probate must execute and deliver to the purchaser a deed to the property purchased. Since section 40-10-120 provides for a three-year redemption period, and section 40-10-29 provides that the purchaser may acquire a tax deed after the expiration of three years from the date of the sale, the statutes, when read together, reveal a legislative intent that property sold at a tax sale may not be redeemed after a tax deed is issued."
Opinion of the attorney general for the State of Alabama, 89-00222, to Virginia B. Dothard, tax collector, Calhoun County, March 30, 1989. The attorney general concluded that a "former owner may not redeem property under §§ 40-10-120 and -121 after the issuance of a tax deed to the purchaser."
Finally, we note that another Alabama case, O'Connor v. Rabren, 373 So.2d 302 (Ala.1979), decided less than a year before Van Meter, interpreted the "three years from the date of the sale" language to mean three years from the date of the initial sale at the courthouse at which the certificate of purchase was issued. In O'Connor, the tax purchaser, Rabren, bought the O'Connors' land at a tax sale on June 5, 1972. Tax deeds were issued to Rabren on June 12, 1975. In July 1976, the O'Connors sued to quiet title and have the tax sale declared void, or, in the alternative, to redeem the land. Addressing the issue of redemption, this Court stated:
"Land sold for taxes to a purchaser other than the state may be redeemed within three years of the date of sale. Code 1975, § 40-10-120. The O'Connors' suits for redemption came four years after the sales. Thus, their only right to redeem is under Code 1975, § 40-10-83. Heard v. Gunn, 262 Ala. 283, 78 So. 2d 313 (1955)."
O'Connor, 373 So.2d at 306.
It seems clear from the facts of the O'Connor case that the Court interpreted the phrase "the date of the sale" to mean the date of the initial tax sale at the courthouse and not the date the purchaser was issued a tax deed or was entitled to be issued a tax deed.
Based on the foregoing, we agree with the Daughertys and the Department of Revenue that Van Meter v. Grice, 380 So.2d 274 (Ala. 1980), and Patterson v. Porter, 555 So.2d 750 (Ala.1989), incorrectly held that the phrase "three years from the date of the sale," appearing in § 40-10-120, Ala.Code 1975, means three years from the issuance of the tax deed. We follow O'Connor v. Rabren, 373 So.2d 302 (Ala.1979), and hold that the phrase "three years from the date of the sale" in § 40-10-120, means three years from the date of the sale at the courthouse and the issuance of the certificate of purchase. To the extent that Van Meter and Patterson are in conflict with this holding, they are overruled. Therefore, the trial *1365 court erred in allowing Rester and Southern Power to redeem under §§ 40-10-120 and 40-10-122, Ala.Code 1975, the time for redemption under those sections having expired upon the issuance of the tax deed. We reverse the judgment of the trial court and remand this case for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and HOUSTON and KENNEDY, JJ., concur.
SHORES, J., concurs specially.
SHORES, Justice (concurring specially).
The public policy of this State has been to favor an action by the original owner for redemption of land sold for taxes. "Redemption statutes ... are to be construed most favorably to the redemptioner." Jim Walter Homes, Inc. v. Blake, 544 So.2d 161 at 164 (Ala.1989); Reuter v. Mobile Bldg. & Constr. Trades Council, 274 Ala. 614, 150 So.2d 699 (1963).
This appeal is from a summary judgment, and the facts are not in dispute. The tax purchasers (the Daughertys) are not in possession of the land; the original owners (Rester and Southern Power) are. Rester and Southern Power's $200,000 building is on the land, and they retain constructive, if not actual, possession of the land. Rester and Southern Power sought to redeem the property under §§ 40-10-82 and -83. "`The purpose of § 40-10-83 is to preserve the right of redemption without a time limit, if the owner of the land seeking to redeem has retained possession.'" Rabren v. Osmon, 613 So.2d 390, 391 (Ala.1993), quoting Hand v. Stanard, 392 So.2d 1157, 1160 (Ala.1980); Gulf Land Co., Inc. v. Buzzelli, 501 So.2d 1211, 1213 (Ala.1987); Moorer v. Chastang, 247 Ala. 676, 26 So.2d 75 (1946); Tensaw Land & Timber Co. v. Rivers, 244 Ala. 657, 15 So.2d 411 (1943); see also Karagan v. Bryant, 516 So.2d 599, 600-01 (Ala.1987) (noting that the rule of repose may bar a claim of redemption made more than 20 years after the tax sale). We have long held "that the statute of limitations applicable to otherwise-authorized suits for redemption, see Code 1975, § 40-10-120, [does] not apply to claims for redemption under this Code section [§ 40-10-83]." Karagan, supra, at 600; Burdett v. Rossiter, 220 Ala. 631, 127 So. 202 (1930); Green v. Stephens, 198 Ala. 325, 73 So. 532 (1916).
Therefore, under § 40-10-82 and -83, there is no time limitation on Rester and Southern. Power's light to redeem their property. The majority states in note 2, "The Daughertys do not dispute that Rester and Southern Power have a right to redeem; rather, they contend that their only right to redeem is under § 40-10-83 and not §§ 40-10-120 and 40-10-122." 645 So.2d at 1362. As long as the owner retains possession of the land, there is no limit on when the owner may redeem the land.
Although the trial court correctly determined that Rester and Southern Power have a right to redeem their land, it erred in allowing redemption pursuant to §§ 40-10-120 and -122. Because Rester and Southern Power have retained possession of the property, their right to redeem was under §§ 40-10-82 and -83.
I concur in the order remanding the case to the trial court and would instruct that court to permit redemption by the landowners under §§ 40-10-82 and -83.
NOTES
[1] Section 40-10-120 provides, in pertinent part:

"Real estate which hereafter may be sold for taxes and purchased by the state may be redeemed at any time before the title passes out of the state or, if purchased by any other purchaser, may be redeemed at any time within three years from the date of the sale by the owner...." (Emphasis added.)
Section 40-10-122, which sets out the manner of redemption under § 40-10-120 when the property has been sold to a party other than the state, provides, in pertinent part:
"In order to obtain the redemption of land from tax sales where the same has been sold to one other than the state, the party desiring to make such redemption shall deposit with the judge of probate of the county in which the land is situated the amount of money for which the lands were sold, with interest thereon at the rate of 12 percent per annum from date of sale, together with the amount of all taxes which have been paid by the purchaser, ... with interest on said payment at 12 percent per annum."
[2] Section 40-10-83, Ala.Code 1975, provides:

"When the action is against the person against whom the taxes were assessed or the owner of the land at the time of the sale, his heir, devisee, vendee or mortgagee, the court shall, on motion of the defendant made at any time before the trial of the action, ascertain the amount paid by the purchaser at the sale and of the taxes subsequently paid by the purchaser, together with 12 percent per annum thereon, and a reasonable attorney's fee for the plaintiff's attorney for bringing the action, and shall enter judgment for the amount so ascertained in favor of the plaintiff against the defendant, and the judgment shall be a lien on the land sued for. Upon the payment into court of the amount of the judgment and costs, the court shall enter judgment for the defendant for the land, and all title and interest in the land shall by such judgment be divested out of the owner of the tax deed."
The Daughertys do not dispute that Rester and Southern Power have a right to redeem; rather, they contend that their only right to redeem is under § 40-10-83 and not §§ 40-10-120 and 40-10-122. "[T]he purpose of § 40-10-83 is to preserve the right of redemption without a limit of time, if the owner of the land seeking to redeem has retained possession." Edmonson v. Colwell, 504 So.2d 235, 237 (Ala. 1987). The difference to the Daughertys in this case between allowing redemption under §§ 40-10-120 and 40-10-122 and allowing it under § 40-10-83 is that under § 40-10-83 they may collect a reasonable attorney fee, whereas under §§ 40-10-120 & 40-10-122 they may not. Compare § 40-10-83 with, §§ 40-10-120 and 40-10-122, supra note 1.
[3] Under the statute construed in Van Meter, the time was two years instead of three. § 3109, Ala.Code 1923; Van Meter v. Grice, 380 So.2d at 278.
[4] Compare § 464, Ala.Code 1876 ("Limitation of suit for recovery of land sold for taxes.No action for the recovery of real property sold for the non-payment of taxes shall lie, unless the same be brought within five years after the date of the sale thereof, but where the owner of such real property sold as aforesaid is, at the time of such sale, under age, or insane, one year after such disability is removed shall be allowed such person, his heirs or legal representatives, to bring suit for the recovery thereof."), with, § 40-10-82, Ala.Code 1975 ("Limitation of Actions. No action for the recovery of real estate sold for the payment of taxes shall lie unless the same is brought within three years from the date when the purchaser became entitled to demand a deed therefor; but if the owner of such real estate was, at the time of such sale, under the age of 19 years or insane, he, his heirs or legal representatives shall be allowed one year after such disability is removed to bring an action for the recovery thereof; but this section shall not apply to any action brought by the state, nor to cases in which the owner of the real estate sold had paid the taxes, for the payment of which such real estate was sold prior to such sale, nor shall they apply to cases in which the real estate sold was not, at the time of the assessment or of the sale, subject to taxation.").