This appeal is from a declaratory judgment holding that an insurance policy issued by appellee Great Central Insurance Company (insurer) to appellee William Tillery was not in full force and effect on April 27, 1975, the date of an accident involving Tillery's wrecker and a vehicle of appellant Jabe Currie, Jr., being operated by appellant Philip Dale Currie. Other appellants were passengers in Currie's vehicle at the time of the accident. We affirm.
The court therefore decreed that the insurer was not obligated under the policy to defend William Tillery, individually, or d/b/a Tillery Wrecker Service, or Edward M. Hindman, the driver of the wrecker at the time of the accident, in the actions filed against them by the appellants.
The insurance policy was issued by the insurer to Tillery in June 1974. It was cancelled following the terms of the policy, as of October 2, 1974, for nonpayment of premiums. Cancellation of the policy was effectuated by the insurer mailing notice of the cancellation to Tillery at his address. The policy was reinstated by letter of November 15, 1974, after a phone call to the insurer by the local insurance agency and payment of the premium by Tillery. Another notice of cancellation was mailed on February 19, 1975, cancelling the policy for nonpayment of premiums effective March 3, 1975.
On April 8, 1975, a check was received by the insurer for premium payment from November to April. The insurer deposited the check, and its accounting department forwarded the policy to the underwriting department to determine whether the policy should be reinstated. While the underwriting department was considering reinstatement, the accident occurred on April 27, 1975. On May 19, 1975, the underwriting department determined that reinstatement was not acceptable and the unearned premium was refunded to Tillery. The unearned premium represented the excess of the amount of premium allocated until March 3, 1975, the effective date of cancellation. The insurer brought action seeking a declaratory judgment and it is from that judgment that this appeal is taken.
The appellants contend that the trial court erred in holding that the policy had been effectively cancelled as of March 3, 1975, and in not holding that the insurer had waived, or was estopped to assert, cancellation of the policy due to receipt and retention of the premium check after the purported cancellation.
Appellants have stated the rule regarding cancellation of an insurance policy correctly; that is, that the insurer setting up cancellation as a defense on a policy has the burden of proving by clear and convincing evidence that the notice of cancellation was properly mailed to the insured. Harrell v.Alabama Farm Bureau Mutual Casualty Insurance Co., 287 Ala. 259, 251 So.2d 220 (1971).
Appellants' principal contention is that the appellee did not meet its burden of proof regarding mailing of the notice. Specifically, the appellant argues that no one connected with the insurer authorized or directed the issuance of the cancellation notice.
However, the appellee counters with the testimony of Robert Rydeen, who testified that he was Underwriting Manager for the insurer. When asked what the duties of the Underwriting Department were, Rydeen replied that the department prepared insurance policies following receipt of applications from various agents. Rydeen also testified that the department kept a file on each insured, recording various transactions between the insured and the insurer. Rydeen testified that entries recording these transactions were placed into an insured's file the same day the transactions occurred and that the entries were made by employees under his supervision. Rydeen was therefore in charge of each file kept by the underwriting department; and the additional fact that the Tillery policy was *Page 1332 
referred to the underwriting department is further proof that Rydeen had authority concerning Tillery's policy. The cases appellants cite to support their contention that no one with authority directed the cancellation are all distinguishable.
Appellants do not vigorously contend that the notice of cancellation was ineffective because of the mailing procedure employed. Rydeen testified extensively to the mailing procedure. All personnel in charge of mailing the notice, with the exception of the postal officials, were under the supervision of Rydeen. He testified that the notice was properly addressed, that sufficient postage was attached to the notice, that the notice was delivered by his employees to the postal officials, and that he had not received a return of the notice because of insufficient postage or unknown addressee.
Appellant Tillery contends this evidence falls short of proving notice of cancellation because he did not receive it. We hold that this assertion alone does not overcome the strong evidence offered by the insurer through Rydeen.
The presumption of the law is that a letter, properly addressed with sufficient postage, and unreturned to the sender whose address is shown on the envelope, was received by addressee. Harrell v. Alabama Farm Bureau Mutual CasualtyInsurance Co., supra. Tillery's statement that he did not receive the notice, without more, does not overcome the presumption that he received it. Moreover, this case was triedore tenus and we cannot say that the trial court was palpably wrong in reaching its findings of fact. It is, of course, our well settled rule that where the trial court heard conflicting evidence ore tenus, the trial court's decision is presumed to be correct on appeal and will not be disturbed unless plainly wrong or unjust. State v. City Wholesale Grocery Co., 283 Ala. 426, 218 So.2d 140 (1969).
Appellants also contend that the trial court erred in failing to hold that the insurer was estopped from asserting or had waived cancellation. To this contention the appellee responds that waiver and estoppel were outside the scope of the pretrial order. We agree. While Tillery did plead the issue of waiver and estoppel in his answer to the insurer's complaint, the pretrial order superseded the initial pleadings and governed the course of action unless amended to avoid manifest injustice. Rule 16, ARCP; Hardy v. Sawyer, 352 So.2d 1104, 1106
(Ala. 1977). The record is silent as to any agreement of the parties or motion to amend the pretrial order, and no contention was made to any failure of the trial court to rule on the theory of waiver and estoppel. The submission of these issues on appeal comes too late.
In a similar case, construing Alabama's counterpart to Rule 16, the Tenth Circuit Court of Appeals held that the plaintiff advanced the doctrine of res ipsa loquitur too late. He requested a jury instruction on the theory when the judge was ready to instruct the jury, but the theory was not mentioned in the pretrial order. The court stated:
 "The issues were fixed and determined by the pretrial order, which specifically recites that such order shall govern and control the course of the trial and may not be amended except by consent of the parties or by order of the court to prevent manifest injustice in conformity with Rule 16 (6), Federal Rules of Civil Procedure, 28 U.S.C.A. The injection of the theory of res ipsa loquitur into the case came too late, and in the absence of an agreement between the parties, or an order permitting amendment of the pretrial order to include the issue, in order to prevent manifest injustice, the court properly rejected the requested instruction and refused to submit the case on that theory."
Miller v. Brazel, 300 F.2d 283, 287 (10th Cir. 1962). Similarly, in Fisher v. Fisher, 250 F. Supp. 677, 682 n. 11 (E.D.Pa. 1965), the court held that the defense of laches was raised improperly. The court, again construing federal rule 16, said: *Page 1333 
 "Although plaintiff has raised the doctrine of laches [in] her brief . . ., this defense to the counterclaim was not raised either in the pre-trial memoranda or at the pre-trial conference or at the time of trial. . . . Under these circumstances, such issue cannot be injected into the case at this late date. See Payne v. S.S. Nabob, 302 F.2d 803 (3rd Cir. 1962). See, also, S. Riggi Son Construction Corp. v. Frouge Construction Co., 345 F.2d 654, 656 (3rd Cir. 1965).
We hold that in the state of the record in this case the pretrial order eliminated all issues except for those issues contained therein; and that the pretrial order governed the course of further litigation. Since the record is silent about any agreement between the parties and does not contain an amendment to the pretrial order, the defenses of waiver and estoppel were not properly before the trial court and are not, therefore, issues on this appeal.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur.