The plaintiff, Claudine D. Chatman, appeals from a directed verdict granted in favor of the defendant, City of Prichard, a municipal corporation. We affirm.
On Sunday morning, September 29, 1979, Claudine Chatman was injured when she fell into a hole in front of the Pilgrim Rest A.M.E. Zion Church, located on Greer Avenue in Prichard. The hole developed when the ground covering a storm sewer drain caved in beneath Chatman as she walked toward the church.
Drainage ditches run parallel to both sides of Greer Avenue. The City of Prichard holds an easement for the drainage ditch on the side of the street where the church is located. Across the front of the church, a fifteen-inch concrete pipe has been laid along the ditch line and covered with hard-packed dirt and shells; this culvert permits access to the church from the street. The ditch is open at each end of the pipe.
The dirt area, extending from the edge of the street up to the concrete slab in front of the church, is used by church members for parking. As Chatman walked across this dirt area, the ground beneath her caved in, causing her to fall. As a result, she sustained various injuries to her left leg and back.
Chatman filed suit against the City, alleging negligence and failure to remedy a *Page 533 
known existing defect located at the edge of a public street. The City, in its answer, specifically denied all of the plaintiff's allegations and raised the defense of contributory negligence.
At the close of Chatman's case, tried before a jury, the City rested and moved for a directed verdict. Although the trial court indicated it believed the City's motion to be good, it denied the motion and submitted the case to the jury. After some deliberation, the jury was unable to reach a verdict. The trial court then directed a verdict in favor of the City. Chatman's motions to vacate the judgment and for a new trial were denied, and this appeal followed. We affirm.
Chatman's theory of recovery for negligence is based upon §11-47-190, Ala. Code 1975, which states, in part:
 "No city or town shall be liable for damages for injury done to or wrong suffered by any person or corporation, unless said injury or wrong was done or suffered through the neglect, carelessness or unskillfulness of some agent, officer or employee of the municipality engaged in work therefore and while acting in the line of his duty, or unless the said injury or wrong was done or suffered through the neglect, carelessness or failure to remedy some defect in the streets, alleys, public ways or buildings after the same had been called to the attention of the council or other governing body or after the same had existed for such unreasonable length of time as to raise a presumption of knowledge of such defect on the part of the council or other governing body. . . ."
Specifically, Chatman alleges that the City of Prichard failed to properly install and maintain the drain inlet on top of the ground that drains into the buried pipe in front of the church and that, as a result, water has eroded the soil surrounding the pipe. Chatman claims this erosion weakened the ground's structure and proximately caused her injuries when the ground caved in beneath her.
Chatman first argues that the City waived the issue of duty in this case by its failure to file a written objection to the trial court's general pre-trial order. We need not address the merits of this argument, as it is raised for the first time here on appeal. Bevill v. Owen, 364 So.2d 1201 (Ala. 1979);McWhorter v. Clark, 342 So.2d 903 (Ala. 1977).
Chatman next argues that, since she presented at least a scintilla of evidence to support each of the elements necessary to establish negligence, the trial court erred in directing a verdict for the City. The four well-known elements necessary for recovery in any negligence action are: (1) existence of a duty on the part of the defendant; (2) a breach of that duty; (3) existence of a causal relationship between the defendant's conduct and the plaintiff's injury; and (4) a resulting injury to the plaintiff. Spurlin v. General Motors Corp.,528 F.2d 612, reh. den. 531 F.2d 279 (5th Cir. 1976). We need look only to the first of these elements to conclude that the trial judge properly directed a verdict in favor of the City.
Chatman asserts that, although the City did not install the culvert, it did sometimes maintain the drainage ditch and, therefore, assumed the duty of maintaining the ditch and theculvert in a reasonable manner so as to avoid injury to persons and property. The only evidence to support this claim is the plaintiff's assertion that the City, in the past, had occasionally removed debris from the ditch.
Malachi Jones, assistant superintendent of the City's public works department and an employee for more than twenty-three years, whose testimony was not refuted, said that the City did not install the culvert and that the City never attempted to maintain it. Upon cross-examination by the City's attorney, Jones revealed the following:
 "Q. Now, Mr. Jones, I will ask you — From Greer Avenue to that concrete apron in front of the church, do you know who owns that land?
 "A. I would take a guess and say that the church owns it. *Page 534 
". . .
 "Q. And you have no idea who put that culvert in under that property?
"A. That's correct.
 "Q. The only thing that the City has is an easement for that drainage ditch; isn't it?
"A. That's correct.
 "Q. That's strictly for water, to carry off water; isn't it?
"A. That's correct.
 "Q. There are other people that live along Greer Avenue; aren't there?
"A. That's correct.
 "Q. When they have built a driveway from Greer Avenue onto their property, do they put in their own culverts?
"A. No, they don't.
"Q. Who puts them in?
"A. We put them in when they request it.
 "Q. When they request it. But then you don't keep up the driveway after that, do you?
"A. No, we don't.
 "Q. There is no maintenance on the part of the City after they put the culvert in the ditch?
"A. That's correct.
 "Q. I believe that you have testified, haven't you, Mr. Jones, that there was no maintenance of this property there in front of the church by the City of Prichard?
"A. That's correct."
We have recently held that the construction of a ditch by a municipality pursuant to its easement, and the subsequent maintenance of that ditch, are discretionary functions, and the mere fact that the City clears the ditch occasionally over a period of years is not sufficient to impose a duty upon the City to carefully maintain the ditch. Hursey v. City of Mobile,406 So.2d 397 (Ala. 1982). That case is controlling here.
Under the undisputed facts of this case, there is no duty on the City to maintain the area on which the plaintiff fell. Therefore, the trial court correctly directed a verdict in favor of the City.
The judgment of the trial court is accordingly affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.