This is a child custody case arising under the Parental Kidnapping Prevention Act (PKPA), 28 U.S.C.A. § 1738A (West Supp. 1984), and the Uniform Child Custody Jurisdiction Act (UCCJA), Ala. Code (1975), §§ 30-3-20 to-44. The case concerns two minor children, a male and a female, who have been the subject of custody proceedings in both Alabama and North Carolina.
The parties were married in 1978, and the male child was born in March 1980. After the birth of their son, the parties moved to North Carolina. Subsequently, they separated and the father returned to Alabama to live. The parties' minor son remained with the mother in North Carolina.
In July 1981, the father went to North Carolina to pick up the male child for a visit in Alabama. At that time, the father was shot and seriously wounded by the man with whom the mother was then living. The mother was convicted of conspiracy to assault the father with a deadly weapon and was sentenced to two years' imprisonment, commencing March 10, 1982.
At the time of the father's shooting, the mother was pregnant, and in September 1981 a female child was born. A month earlier, in August 1981, the parties obtained a divorce in North Carolina, and the father was given physical custody of the male child. Subsequently, the parties initiated several custody proceedings, giving rise to the present dispute.
In November 1981, the father was awarded permanent legal custody of the male child by the North Carolina court. On March 10, 1982, pursuant to a consent judgment, that court also gave the father temporary custody of the female child until the mother's release from prison. The father then took the female child to live with him and the male child in Gardendale, Alabama.
In June 1982, the mother was released from prison. In May 1982, the father had filed a petition in the trial court for temporary custody pendente lite of the female child. The day after the mother's release, the father also filed a petition for a temporary restraining order to prevent the mother from taking the female child from him.
In September 1982, the mother filed a petition in the North Carolina court to have custody of the children given to her. That court dismissed her petition on February 2, 1983. Subsequently, on August 18, 1983, the father asked the Alabama trial court to "modify" all prior custody decrees and grant him permanent custody of both children. All of these proceedings culminated on April 16, 1984, when the trial court entered an order modifying all prior decrees and awarding permanent legal custody of both minor children to the father. It is from this order which the mother appeals.
On appeal, she has three primary contentions, each of which is discussed below: (I) that the trial court erred in assuming jurisdiction to "modify" the custody of either child, (II) that the trial court erred in failing to decline to exercise jurisdiction to modify the custody of the female child, and (III) that the trial court abused its discretion in awarding custody to the father. We disagree with each of these contentions and affirm.
 I
The mother's first argument on appeal is that the trial court did not have jurisdiction to modify the custody of the two minor children. Whether the court had such jurisdiction is governed by the PKPA, which preempts conflicting state law in interstate custody suits. Flannery v. Stephenson,416 So.2d 1034, 1038 (Ala.Civ.App. 1982). Under the PKPA, specifically28 U.S.C.A. § 1738A (f), the trial court had authority to modify the North Carolina custody decree if two requirements were met: (1) the trial court had jurisdiction to make a child custody determination and (2) the North Carolina court no longer had *Page 140 
jurisdiction or declined to exercise its jurisdiction to modify the prior custody determination. Each of these requirements was met in this case.
Whether the trial court had jurisdiction to make a child custody determination is governed by state law, the UCCJA. Under Ala. Code (1975), § 30-3-23 (a)(1)a., which is part of Alabama's UCCJA, an Alabama court has jurisdiction to make a custody determination by initial or modification decree if Alabama is the home state of the child at the time of commencement of the proceeding. In this case, the father commenced the modification proceeding in the trial court by filing a petition to modify on August 18, 1983. That date, therefore, is the critical date for determining whether Alabama was the home state of the minor children under the UCCJA and the PKPA and thus whether Alabama had jurisdiction. SeeMitchell v. Mitchell, 437 So.2d 122, 125 (Ala.Civ.App. 1982). The fact that the father subsequently took the children with him to live in Tennessee in September 1983 is not relevant to this determination.
Under Ala. Code (1975), § 30-3-22 (5), a child's "home state" under the UCCJA is "[t]he state in which the child, immediately preceding the time involved, lived with his parents, a parent, or a person acting as parent for at least six consecutive months. . . ." Under this definition, Alabama was clearly the home state of both minor children on August 18, 1983. On that date both children were residing in Gardendale, Alabama, with the father. The male child had been living in Alabama for approximately two years since the father had been given physical custody of him by the North Carolina court in August 1981. The female child had been living in Alabama for approximately eighteen months since the father had been given temporary custody of her by the North Carolina court in March 1982. Each child had resided in Alabama for more than the six months required by § 30-3-22 (5) for Alabama to be the "home state" under the UCCJA, and the trial court, therefore, had jurisdiction to enter a child custody determination under the UCCJA.
The second requirement of the PKPA — that the North Carolina court not have jurisdiction or have refused to exercise it — has also been met. On September 29, 1982, the mother petitioned the North Carolina court to obtain custody of both minor children. On February 2, 1983, that court dismissed the mother's petition, based upon its finding that the court lacked jurisdiction over either minor child, that Alabama was the "home state" of both children, and that both the children and the father had a significant connection with Alabama. This finding of the North Carolina court was reinforced in March 1984 when the North Carolina judge communicated by telephone with the Alabama trial judge prior to the March 23, 1984, hearing in the trial court. After that telephone conference, the North Carolina judge concluded that Alabama logically had jurisdiction to determine the custody of both minor children.
The mother argues that this telephone conference was insufficient to constitute a waiver of jurisdiction by the North Carolina court. We do not address this contention, for it was raised for the first time on appeal. Chatman v. City ofPrichard, 431 So.2d 532 (Ala. 1983); Whitworth v. Dodd,435 So.2d 1305 (Ala.Civ.App. 1983).
We note, however, that communication by telephone would appear to be within the contemplation of the PKPA, the aim of which is to promote cooperation among states and communication between states in which custody proceedings are simultaneously pending. The telephone is among the fastest, most efficient means for effecting such communication. This is particularly true where no objection to such communication is interposed at trial.
Summarizing, this court finds that both requirements of the PKPA were met, giving the Alabama trial court jurisdiction to modify the prior North Carolina custody orders.
 II
The second issue before the court is the mother's contention that the trial court *Page 141 
erred in failing to decline to exercise jurisdiction to modify the custody of the female child. Her argument is based upon Ala. Code (1975), § 30-3-28 (b), which provides:
 "Unless required in the interest of the child, the court shall not exercise its jurisdiction to modify a custody decree of another state if the petitioner, without consent of the person entitled to custody . . . has improperly retained the child after a visit or other temporary relinquishment of physical custody. If the petitioner has violated any other provision of a custody decree of another state the court may decline to exercise its jurisdiction if this is just and proper under the circumstances."
The March 1982 consent judgment entered by the North Carolina court gave the father custody of the female child until the mother was released from prison. Because the father failed to return the child to the mother upon her release from prison, the North Carolina court held the father in contempt, and the father subsequently delivered the female child to the mother. In this proceeding the mother argues that, because the father had violated the North Carolina order and had been held in contempt, the trial court was required by § 30-3-28 (b) to decline to exercise jurisdiction to modify the North Carolina custody order regarding the female child.
While this court does not condone the father's actions which caused him to be held in contempt of the North Carolina court, we do not agree that § 30-3-28 (b) required the trial court to decline to exercise its jurisdiction to modify the custody of the parties' daughter.
In Pitts v. Sutter, 408 So.2d 105 (Ala.Civ.App. 1981), a similar argument was made against a mother who had failed to show cause why she should not be held in contempt for disobeying the order of an Alabama court which prohibited her from seeking further custody determinations. The mother had obtained an order in Massachusetts awarding custody to her and then filed suit in Alabama under the UCCJA to enforce that custody order. In defense, the father argued "that the mother did not come into court with clean hands which precluded the trial court from granting the relief sought." Pitts, 408 So.2d at 111. Interpreting § 8 (b) of the UCCJA, (§ 30-3-28 (b) of the Alabama Code), this court held that this "portion of the UCCJA is discretionary with the trial court of the forum state and the Alabama court did not abuse its discretion in that regard, even if 8 (b) were construed to here apply to the mother." Pitts, 408 So.2d at 111.
This court finds that the trial court did not err in failing to decline jurisdiction under Ala. Code (1975), § 30-3-28 (b), to modify the custody of the parties' female child. Its decision as to whether to decline such jurisdiction was a discretionary one. In view of the facts of this case, it is clear to this court that no abuse of that discretion has been shown.
 III
Finally, the mother contends that the trial court so abused its discretion in awarding custody of the two children to the father that reversal is required. The mother has failed to establish such abuse as regards the custody of either child.
With regard to the custody of the male child, the burden was upon the mother to prove that a change of custody of the child from the father to her would "materially promote" the interests of the child. See Ex parte McLendon, 455 So.2d 863, 866 (Ala. 1984). The record reveals that the mother engaged in a conspiracy with the man with whom she was living to assault the father with a deadly weapon. This conspiracy was carried out when the father was shot and seriously injured in the presence of the male child. The mother has shown at most that she has plans for a new lifestyle. She has failed to establish that a change of custody to her would materially promote the welfare and interests of the male child.
Similarly, with regard to the custody of the female child, the issue before the trial court was to promote the "best *Page 142 
interests" of the child. Ex parte McLendon, 455 So.2d at 866. The evidence before the trial court indicated that the female child's needs were being met by the father, with whom she had lived the major part of her young life. The mother did not present evidence which would "overcome the `inherently disruptive effect caused by uprooting the child.' Wood v. Wood, 333 So.2d [826] at 828 [Ala.Civ.App. 1976]." Ex parte McLendon, 455 So.2d at 866. In sum, the trial court did not err in concluding that the best interests of the child would be promoted by allowing her to remain in the custody of her father.
In view of the above stated reasons, we cannot hold that the trial court, after an ore tenus hearing, so abused its discretion in its award of custody to the father as to require reversal. Mansell v. Mansell, 437 So.2d 588 (Ala.Civ.App. 1983).
 IV
In conclusion, we hold that the trial court had jurisdiction to enter a decree as to the custody of both minor children of the parties under the PKPA and the UCCJA and that it did not abuse its discretion in awarding the custody of both children to the father.
We need not address the mother's contention, raised for the first time on appeal, that the trial court erred in allowing the father to proceed without filing the affidavit required by Ala. Code (1975), § 30-3-29. Chatman v. City of Prichard,431 So.2d 532 (Ala. 1983); Whitworth v. Dodd, 435 So.2d 1305
(Ala.Civ.App. 1983). However, without so deciding, it would appear that the requirements of Ala. Code (1975), § 30-3-29, are not necessarily jurisdictional. Furthermore, it is interesting to note that the mother apparently failed to file any "affidavit."
In any event, no objection was interposed at trial regarding the lack of the affidavit.
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.