ON APPLICATION FOR REHEARING
The original opinion in this case is withdrawn and the following substituted therefor:
Charles Montz filed this action in the Circuit Court of Perry County against Sovereign Marine and General Insurance Company, Ltd. (Sovereign Marine), Gulf Agency, Thomas Albrecht (president of Gulf Agency), and Mead Charles, Inc., in tort and contract for the wrongful cancellation of his insurance contract. The trial court initially granted the defendants' motion for summary judgment on the tort/punitive damages aspect, and that is not before us. Montz's complaint was amended to allege that Mead Charles fraudulently retained his insurance premium after the purported cancellation of his policy. The trial court subsequently granted summary judgment for Gulf Agency, Albrecht, and Mead *Page 2 
Charles on the contract claim and granted Mead Charles's motion to dismiss Montz's amended complaint. The contract claim against Sovereign Marine is pending in the trial court. The above judgments were made final pursuant to Rule 54(b), Ala.R.Civ.P. Montz appealed.
Montz purchased a truck from a Birmingham, Alabama, dealer. An employee of this dealer arranged for Montz to procure insurance on this truck through defendant Mead Charles. Montz paid Mead Charles the first year's premium and in return Mead Charles issued Montz a binder effective July 13, 1983. Mead Charles, as broker for defendant Gulf Agency, contacted Gulf Agency and requested that it secure coverage for the binder. Gulf Agency, as "qualified general managing agent" for Sovereign Marine, secured coverage for Montz's vehicle through the defendant insurer, Sovereign Marine. Shortly thereafter, a policy was issued to Montz. Montz has no record of it and does not recall receiving that policy. In November 1983, the insurer Sovereign Marine, through Gulf Agency, mailed a notice of cancellation to Montz because it had not received the necessary underwriting information. Montz does not recall receiving this notice. Approximately two and one-half months after the policy was purportedly cancelled, the truck, which is the subject of the insurance contract here in question, sustained collision damage. Montz notified Mead Charles of this accident. He was informed that his coverage had been cancelled for failure to provide Gulf Agency or Sovereign Marine with his date of birth and driver's license number, and that he should contact Gulf Agency. About two and one-half months after the purported cancellation and approximately two weeks after the loss, Mead Charles refunded Montz's premium. Both Mead Charles and Gulf Agency denied coverage on the basis that no contract existed between them and Montz. Montz filed this action.
 "A party moving for summary judgment has the burden of clearly showing that the non-moving party cannot recover under any discernible set of circumstances and that there is no genuine issue as to any material fact. Fountain v. Phillips, 404 So.2d 614 (Ala. 1981); Butler v. Michigan Mutual Insurance Co., 402 So.2d 949 (Ala. 1981); Amason v. First State Bank of Lineville, 369 So.2d 547 (Ala. 1979); Ragland v. Alabama Power Co., 366 So.2d 1097
(Ala. 1978). The moving party must be entitled to the summary judgment as a matter of law. Fountain v. Phillips, 404 So.2d 614 (Ala. 1981); Studdard v. South Central Bell Telephone Co., 356 So.2d 139
(Ala. 1978); Birmingham Television Corp. v. Water Works, 292 Ala. 147, 290 So.2d 636 (1974). All reasonable inferences concerning issues of material fact are to be drawn in favor of the non-movant. Butler v. Michigan Mutual Insurance Co., 402 So.2d 949 (Ala. 1981); Papastefan v. B L Construction Co., 356 So.2d 158 (Ala. 1978); Donald v. City National Bank, 295 Ala. 320, 329 So.2d 92(1976)."
Missildine v. Avondale Mills, Inc., 415 So.2d 1040, 1041 (Ala. 1981).
 I
Appellant raises the following issue:
 "Was summary judgment [for] Mead Charles, Inc., proper when there was evidence of a contract between Montz and Mead Charles, Inc., and evidence that Mead Charles breached that contract? "
Montz contends that the trial court erred in granting summary judgment in favor of Mead Charles on the contract claim on the basis that no contract was in force between them at the time of loss. Montz argues that a question of fact existed as to whether the binder issued by Mead Charles had expired at the time of the loss. Montz maintains, because he did not receive a copy of the policy purportedly issued by Sovereign Marine, that the binder issued by Mead Charles was still in effect at the time of the loss. Montz also maintains that he never received a notice cancelling the binder and therefore argues that Mead Charles breached its contract by denying him coverage under the binder. *Page 3 
The document issued to Montz[1] by Mead Charles and clearly labelled a "binder" is as follows:
"MEAD CHARLES "P. O. Box 656/133 Lee Street "Montgomery, Alabama 36101/Telephone (205) 262-8801
"July 13, 1983
"To: Lloyd's of London Assured: Charles Montz
Address: Route 1, Box 165
Marion, AL 36756
"Gentlemen:
"We have bound effective: Date July 13, 1983
Time: 11:00 AM
"for the above insured: Charles Montz
"Coverage and Amount: Fire, Theft, Combined Additional Coverage and Collision with $500 deductible. 1979 Ford LT 9000 Tractor, Serial #A90LVDDO438, valued at $33,000. "Location:
"Remarks or Other Data: Policy No. to be determined;
Policy expires: July 13, 1984.
"Coverage considered bound pending completion/receipt of policy and/or endorsement.
"Cordially yours,
"MEAD CHARLES, INC.
"By: s/ Sally H. Jenkins
"Mortgagee or Loss Payee:
"CC: Ford Motor Credit Corp. "11 West Oxmoor Road Binder Expires: upon receipt of policy.
 "Birmingham, AL 35209 Unless Extended in Writing.
 "INSURED'S COPY"
We note that this "binder" contains language and certain ambiguities that we believe may distinguish it from the typical binder issued in the normal course of business in the insurance industry. First of all, a binder was traditionally considered to be "[a] written memorandum of the important terms of contract of insurance which gives temporary protection to insured pending investigation of risk by insurance company or until formal policy is issued." Black's Law Dictionary 153 (5th ed. 1979) (citing Turner v. Worth Insurance Co., 106 Ariz. 132,472 P.2d 1 (1970)) (emphasis added). The binder in the instant case, however, expires "upon receipt of the policy," not upon its "issuance," and we also note that no specific insurance company or underwriter appears to be bound by this particular "binder," although the facts are unclear on this point at this stage of the proceedings. True, the binder purports to bind "Lloyd's of London." However, it is our understanding that Lloyd's is not itself an underwriter, but rather is an "association of persons who underwrite risks as individuals." W. Freedman, Richards on the Law of Insurance § 11, at 40 (5th ed. 1952). "Though there is a Corporation of Lloyd's . . ., it does no underwriting. Rather, it is an organization that regulates the operations of the underwriters and provides various services, including the gathering and publication of data useful to the underwriters. . . ." R. Keeton, Basic Texton Insurance Law 20 (1971). Consequently, on the current state of the record, we cannot delineate with certainty all the legal obligations that are entailed by this document. We do think it clear, however, that this "binder" presents a scintilla of evidence that Mead Charles contracted with Montz to provide a year's worth of insurance with some insurer, and, if there is a scintilla of evidence that Mead Charles's obligations in this regard had not been cancelled at the time of the loss, Montz has sufficiently alleged the existence of a contract to defeat the motion for a summary judgment by Mead Charles.
In regard to this latter issue, we find that there is at least a scintilla of evidence that Mead Charles was still under a contractual obligation to provide insurance from an insurer at the time of the loss. As noted above, the binder expires "upon receipt of the policy." It also provides: "Coverage considered bound pending completion/receipt of policy and/or endorsement." There is no evidence in the record that Gulf Agency, Mead Charles, or Sovereign Marine mailed the policy to Montz or otherwise delivered it to him before the accident occurred. Montz denies having received the policy. There is evidence that a notice of cancellation of the policy was mailed to Montz prior to the accident; however, there was no evidence that a cancellation *Page 4 
of the binder was delivered to Montz before the accident.[2] The binder shows that the coverage was to expire July 13, 1984. The collision loss occurred before that date.
Accordingly, the issue of whether Mead Charles served as Montz's agent to provide insurance coverage and inexcusably failed to do so should not be taken from the jury on the basis that no contract was in force at the time of the loss. The "binder" presents a scintilla of evidence that such a contract was indeed in force, especially when considered in conjunction with the fact that Mead Charles had also retained Montz's premium payment well past the time of the purported cancellation and approximately two weeks after the time of loss.
Likewise, we think that one of Montz's specific grounds for his contract claim should not have been disposed of on this motion for a summary judgment. Montz contends that Mead 
Charles served as his agent to procure insurance coverage and that, as his agent, Mead Charles had both a contractual and a fiduciary duty to provide the necessary underwriting information, e.g., his date of birth and driver's license number, to Gulf Agency or Sovereign Marine. Montz argues that Mead Charles breached its contractual duty by failing to provide the necessary information to Gulf Agency or Sovereign Marine and that this resulted in the cancellation of his policy. Seeberg v. Norville, 204 Ala. 20, 85 So. 505 (1920).
At the least, a disputed factual situation was presented as to whether Montz was requested to provide additional information to Mead Charles. Two letters addressed to Montz, which requested this information, were made exhibits to Montz's deposition. Montz denied receiving these letters, and there is no evidence in the record that these letters were mailed or otherwise delivered to Montz prior to his collision loss.
In Highlands Underwriters Ins. Co. v. Eleganté Inns, Inc.,361 So.2d 1060 (Ala. 1978), we wrote:
 "The law in regard to the duty that insurance agents or brokers owe to their principals, the insureds, is stated as follows:
 '. . . when an insurance agent or broker, with a view to compensation, undertakes to procure insurance for a client, and unjustifiably or negligently fails to do so, he becomes liable for any damage resulting therefrom. (See annotation at 29 A.L.R.2d 171.)' Timmerman Ins. Agency, Inc. v. Miller, 285 Ala. 82, 85, 229 So.2d 475, 477 (1969).
 "Once the parties have come to an agreement on the procurement of insurance, the agent or broker must exercise reasonable skill, care, and diligence in effecting coverage. Crump v. Geer Brothers, Inc., 336 So.2d 1091 (Ala. 1976); Waldon v. Commercial Bank, 50 Ala. App. 567, 281 So.2d 279
(1973). When the agent or broker has failed in the duty he assumes, the principal may sue either for breach of the contract or, in tort, for breach of the duty imposed on the agent or broker. Waldon v. Commercial Bank, supra." (Emphasis added.)
361 So.2d at 1065.
We cannot say that Montz cannot recover on his contract claim against Mead Charles. With the present state of the record, we cannot say that there is no genuine issue as to any material fact as to *Page 5 
this contract claim. Rule 56, A.R.Civ.P. Therefore, the trial court erred in granting summary judgment in favor of Mead 
Charles.
 II
Appellant raises this additional issue:
 "Was summary judgment [for] the Gulf Agency proper when there was evidence of a breach of contractual and legal duties by the Gulf Agency?"
It is undisputed that Sovereign Marine, through Gulf Agency, issued an insurance policy to Montz that was effective July 13, 1983. As previously stated, there is no evidence that Montz received this policy. However, it is undisputed that a notice of cancellation was mailed to Montz by Gulf Agency.
In Currie v. Great Central Insurance Co., 374 So.2d 1330,1332 (Ala. 1979), we held:
 "The presumption of the law is that a letter, properly addressed with sufficient postage, and unreturned to the sender whose address is shown on the envelope, was received by addressee."
The face of the notice of cancellation shows that the notice was stamped as mailed through the United States Postal Service in Montgomery, Alabama, and that the notice was properly addressed to Montz. Montz's statement that he does not recall receiving the notice, without more, does not overcome the presumption that he received it. Currie, supra. Therefore, there being no evidence that Gulf Agency wrongfully cancelled the contract, Montz's contract action against Gulf Agency must fail.
Montz also argues that Gulf Agency is liable in contract because it failed to comply with certain duties imposed upon it as a "surplus line broker." § 27-10-27, Code 1975. However, it appears to us from the record that this argument has been raised for the first time on appeal; therefore, this issue is not properly before us. Chatman v. City of Prichard,431 So.2d 532 (Ala. 1983). The trial court did not err in granting summary judgment in favor of Gulf Agency and Albrecht on the contract claim.
 III
The appellant's third issue is:
 "Did the trial court properly dismiss the amended complaint against Mead Charles?"
That amended complaint alleges, in pertinent part, as follows:
 "12. That in July, 1983, the plaintiff paid a full year's premium for the insurance coverage to be provided by the defendant [Sovereign Marine and General Insurance Co., Ltd.] to the defendant Mead Charles.
 "13. That although the defendants claim they cancelled the insurance coverage effective December 11, 1983, they made no refund of the insurance premium.
 "14. That the return premium was tendered by the Defendant Mead Charles by check dated 2/22/84 and which was only sent after the Plaintiff, Charles Montz, reported the loss and asked in a telephone conversation with Mead Charles why the premium had not been returned.
 "15. That according to an affidavit of Ray R. Johnston, Vice President of the Defendant, The Gulf Agency, 'the unearned premium on the policy of insurance was returned expediently to the broker, Mead Charles.'
 "16. That upon information and belief the defendant, Mead Charles, fraudulently retained this unearned premium willfully and knowingly [sic] that said money was due to be paid to the Plaintiff, Charles Montz, if in fact the policy had been rightfully cancelled, with the intent to withhold said money for its own benefit.
 "17. That because of [Mead Charles's] failure to return this premium promptly and upon the alleged cancellation of the policy, the Plaintiff was damaged because he received no notice of cancellation from the other defendants and if he had received the return premium he would have known that the policy had been cancelled. *Page 6 
 "18. That because of this fraudulent withholding of funds the plaintiff, Charles Montz, has suffered damage in the amount of $33,000 for the loss of his truck.
 "19. That further, on information and belief, the plaintiff alleges that if no damage had occurred to the truck and he had not reported a loss, the defendant, Mead Charles, would have retained said unearned premium for its own benefit."
The trial court dismissed the amended complaint for failure to state a claim upon which relief may be granted, based upon its prior entry of summary judgment in favor of the defendants on the question of "punitive damages/tort action" for the wrongful cancellation of insurance coverage. See Watkins v.Life Ins. Co. of Georgia, 456 So.2d 259 (Ala. 1984).
The appropriate standard of review is whether, when the allegations of the complaint are viewed most strongly in his favor, the pleader could prove any set of circumstances which would entitle him to relief. Mull v. String, 448 So.2d 952
(Ala. 1984); Raley v. Citibanc of Alabama/Andalusia,474 So.2d 640 (Ala. 1985). A complaint should not be dismissed for failure to state a claim upon which relief can be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts that would entitle him to relief. Rule 12(b)(6), A.R.Civ.P.; Roberts v. Meeks, 397 So.2d 111 (Ala. 1981).
The undisputed facts pertinent to the issue raised in Montz's amended complaint are that Montz paid his annual premium to Mead Charles; that Sovereign Marine, through Gulf Agency, issued Montz a contract of insurance effective from July 13, 1983, through July 13, 1984: that Gulf Agency cancelled this policy effective December 11, 1983; that Montz's vehicle, which was the subject of the insurance contract between Sovereign Marine and Montz, was damaged on February 14, 1984, and the damage was then reported to Mead Charles; that Montz was subsequently informed that his policy had been cancelled; that Montz requested a copy of his policy and was furnished a duplicate copy of it; that Mead Charles, by the letter dated February 27, 1984, returned his premium (about two and one-half months after the purported cancellation of his policy); and that Gulf Agency "expediently" returned the unearned premium to Mead Charles following the cancellation of Montz's policy in December 1983.
Given the above facts, and construing all of Montz's allegations in the light most favorable to him, and resolving all doubts in his favor, we cannot say that this plaintiff could not prove a set of facts that would entitle him to relief under his amended complaint. See Trans-America Ins. Co. v.Wilson, 262 Ala. 532, 80 So.2d 253 (1955); Voss v. AmericanMut. Liability Ins. Co., 341 S.W.2d 270 (Mo.App. 1960). Therefore, the trial court should not have granted the motion to dismiss.
The summary judgment granted in favor of Gulf Agency and Albrecht is affirmed; however, the summary judgment granted in favor of Mead Charles on Montz's contract claims and the dismissal of the amended complaint are reversed; and the cause is remanded for further proceedings.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; APPLICATION OVERRULED; AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
MADDOX, JONES, SHORES and BEATTY, JJ., concur.
[1] It is unclear from the record whether the binder was actually "issued" to Montz, because Montz stated in a deposition that he could not recall receiving it. We do not think, however, that Montz's possible failure to receive this document defeats its value as evidence of the contractual relationship between Mead Charles and Montz. The binder may be viewed as a written memorandum of Mead Charles's acceptance of Montz's offer, and consequently we view the binder as acceptable documentary evidence pertaining to the terms of their agreement, regardless of whether Montz received the writing.
[2] We hold later in this opinion that Montz's receipt of notice of cancellation of a policy purportedly issued to him may be presumed under the facts of this case. There is no inconsistency between this holding and our holding above that the current state of the record does not show that the binder had been cancelled. As noted above, we view the binder as presenting at least a scintilla of evidence that insurance coverage for one year would be provided to Montz from some insurer, the obligation to remain in effect until receipt of a policy. We are unwilling to narrowly construe the obligations inhering in the binder at this stage of the proceedings and also presume that notice of cancellation of an issued (but not received) policy also satisfies the binder's express term that it remained in force until a policy was delivered to or received by Montz. Under the express terms of the binder, there is a scintilla of evidence that Mead Charles contracted to provide insurance from an insurer for one year and that that obligation remained in effect until the policy was actually delivered to Montz.