MADDOX, Justice.
This appeal is from a summary judgment for the appellees on the appellant’s cross-claim in the same case that also gave rise to another appeal decided this day in Cornett v. Johnson, 578 So.2d 1259 (Ala.1991).
The facts are sufficiently stated in Cor-nett and will not be repeated here in full, but we point out that the case arose when a policyholder sued his insurance agency and the appellant here, claiming that his homeowner’s policy had been wrongfully canceled.
In this appeal, Capital Assurance Company, Inc. (“Capital”), argues that the trial court erred in entering summary judgment in favor of Marshall Johnson and the Johnson Insurance Agency (“the Johnson Agency”) on Capital’s cross-claim for indemnity against those two defendants. In Cornett this Court held that the trial court properly entered a summary judgment in favor of defendant Marshall Johnson, but that the trial court had erred in entering a summary judgment in favor of the Johnson Agency.
We have examined the record and the arguments of Capital, and we hold that the trial court correctly entered the summary judgment in favor of Marshall Johnson and the Johnson Agency on the indemnity claim.
In his suit, Paul Cornett made three claims. His first claim alleged that Marshall Johnson, the Johnson Agency, and Capital had negligently failed to inform him that his policy had been canceled. His second claim alleged that Marshall Johnson and the Johnson Agency had breached the fiduciary duty owed by an insurance broker to an insured or to an applicant for insurance. His third claim alleged that Capital had breached the insurance contract between him and Capital.
In Cornett, we held that Marshall Johnson was entitled to a summary judgment because he showed that there was not a genuine issue of material fact as to whether he personally did anything in connection with the policy of insurance under consideration. The same is true in this case. Marshall Johnson has shown that there is no genuine issue of material fact on the question of his being liable to Capital if Capital is determined to be liable to Cornett. We find, therefore, that the trial court did not err in entering the summary judgment in favor of Marshall Johnson.
In Cornett, we held that a genuine issue of material fact did exist regarding the liability of the Johnson Agency because there was evidence that the Johnson Agency had established an agency relationship with Cornett sufficient to hold the Johnson Agency responsible for informing Cornett that his homeowner’s insurance had been canceled. We remanded the cause to the trial court for further proceedings in that case. The remand of that case, however, does not determine the question of the Johnson Agency’s liability on the present claim. In other words, our decision in that case is not dispositive of this cross-claim for indemnity.
The law relating to the rights of a person to be indemnified are set out in Huey v. Dykes, 203 Ala. 231, 82 So. 481 (1919), wherein this Court held that “the master who is held to pay damages for an injury inflicted on a third party by the wrong of negligence of his servant has a right of action to recover the amount of *1265 such damages from this servant.” In addition, our cases hold that where a defendant is held liable only because he is responsible for the act of another, he cannot be held liable if such other is exonerated. Great Atlantic & Pacific Tea Co. v. Traylor, 239 Ala. 497, 195 So. 724 (1940); Griffin v. Bozeman, 234 Ala. 136, 173 So. 857 (1937); and Waters v. Anthony, 252 Ala. 244, 40 So.2d 316 (1949). Capital cites these eases for the proposition that if it is held liable in the suit brought against it by Cornett, its liability will be based solely on the Johnson Agency’s negligence as its agent. In order to establish that fact, Capital would first prove that the Johnson Agency was acting on Capital’s behalf in order for it to prevail on its indemnity claim against the Johnson Agency.
The facts in the record show that the Johnson Agency is an independent brokerage firm. An insurance broker acts on the behalf of an insured, or an applicant for insurance, in order to find insurance for that person. In Washington National Ins. Co. v. Strickland, 491 So.2d 872 (Ala.1985), this Court held:
“[A]n insurer’s liability for the fraud of an independent agent or broker is predicated upon actual or apparent authority conferred upon the agent/broker by the insurer to make representations on the insurer’s behalf. The doctrine of respon-deat superior does not apply in the independent agent or broker situation because the insurance company does not exert sufficient control over the activities of the agent/broker to put him in the same position as a company employee.”
Washington National Ins. Co. v. Strickland, 491 So.2d at 875.
In order to assert an indemnity claim against the Johnson Agency, Capital must first prove that the agency acted under actual or implied authority on its behalf when the agency procured a policy for Cor-nett with Capital.
The facts here show that Cornett contacted the Johnson Agency and asked about obtaining a homeowner’s insurance policy for his mobile home. In response to that query, the Johnson Agency contacted J.R. Kitchens, Inc. (“the Kitchens Company”)! a general agent for Capital, and obtained a homeowner’s insurance policy for Cornett. Cornett directed any questions that he had about the policy to the Johnson Agency. There was no communication concerning this policy between the Johnson Agency and Capital, or Cornett and Capital, until Capital decided to cancel the policy. Capital alleges that at the time of the cancellation it sent a notice of cancellation to Cornett and to the Johnson Agency and refunded the unearned premium to the Johnson Agency.
Although the record shows that Capital credited the Johnson Agency with the unused portion of Cornett’s premium, we find that this fact, standing alone, is not substantial evidence of a relationship between the Johnson Agency and Capital that would make the Johnson Agency liable to indemnify Capital if Cornett wins his claim against Capital for canceling his policy. This record shows that the evidence of the credit of the unearned premium is the only evidence of contact between the Johnson Agency and Capital after the cancellation occurred. In view of that fact, we hold that the trial court did not err in entering the summary judgment in favor of the Johnson Agency, because the evidence was insufficient present a jury question whether the Johnson Agency acted under either actual or implied authority of Capital in regard to this policy.
Accordingly, we affirm the judgment of the trial court.
AFFIRMED.
HORNSBY, C.J., and SHORES, HOUSTON and KENNEDY, JJ., concur.