On Application for Rehearing

LYONS, Justice.
Alfa argues that the language of the policy that it says it rejected is the same as the language of § 27-23-25, Ala.Code 1975, and that this language should be given effect. We agree that the language of § 27-23-25 is substantially similar to the language of the policy.[1] However, in Harrell v. Alabama Farm Bur. Mut Cas. Ins. Co., 287 Ala. 259, 263, 251 So.2d 220, 224 (1971), which we relied heavily upon in the original opinion, this Court embraced the Court of Appeals’ decision in United States Fidelity & Guar. Co. v. Williams, 43 Ala.App. 205, 186 So.2d 738 (1966). In both cases, the courts interpreted policy language practically identical to that of Alfa’s policy. In Williams, the court quoted with approval this statement from Grimes v. State Auto. Mut. Ins. Co., 95 Ohio App. 254, 256, 118 N.E.2d 841, 843 (1953):
“ ‘A clause in a policy of insurance providing that the mere mailing of notice of cancellation is sufficient to cause cancellation of the policy is so harsh in its nature, and potentially contains such elements of possible disaster to an insured, that the proof of the mailing of such notice should be of a definite and specific character.’ ”
43 Ala.App. at 209, 186 So.2d at 741.
In adopting (and clarifying) the Williams rule in Harrell, this Court applied the common-law rule that we used in the original opinion in this present case. This common-law rule was used in Harrell despite language in the insured’s policy that is almost exactly like the language in Alfa’s policy. Because we are required, under the doctrine of stare decisis, to apply the common-law rule as we applied it in the original opinion in this case, we cannot accept Alfa’s argument.
Alfa next argues that there is no legislative history showing that § 27-23-25 does not apply to a homeowner’s policy. Of course, Alabama has no record of proceedings comparable to the Congressional Record as a source of legislative history. Nothing in the legislative journals speaks to this issue. However, as noted in the original opinion, the plain language of the statute defining the scope of the Code article, in which § 27-23-25 appears specifically limits the article to automobile liability policies. Thus, this argument is without merit.
Alfa next argues that this Court has applied § 27-23-25 to homeowner’s insurance in the case of Cornett v. Johnson, 578 So.2d 1259 (Ala.1991). However, the insured in Cornett admitted receiving notice of cancellation from the insurer. Further, the reference to § 27-23-25 was made in the context of background for the central issue — whether the insured had a relationship with his agent that gave him a claim against the agent for improperly advising the insured to ignore the insurer’s notice of cancellation. Moreover, the applicability of § 27-23-25 was not at issue.
Next, Alfa points out that in Montz v. Mead & Charles, Inc., 557 So.2d 1 (Ala.1987), and Currie v. Great Cent. Ins. Co., 374 So.2d 1330 (Ala.1979), this Court affirmed judgments in favor of the insurer when the insured denied receipt of notice. Alfa argues that these cases are directly on point. However, a close reading of Montz shows that the insured did not deny receiving notice, but instead merely stated that “he [did] not recall receiving notice.” 557 So.2d at 5. That is not the same as *188 the evidence presented here; in this case, the insured’s denial of receipt of notice is buttressed by the fact that Compass Bank also denied receiving notice. In Currie, the Court affirmed a trial court’s judgment after an ore tenus hearing; of course, an order based on ore tenus evidence has a standard of review entirely different from that applied on our review of a summary judgment. Therefore, this argument has no merit.
Finally, Alfa argues that the case from which we cited the common-law rule regarding proof of mailing, Corinth Bank & Trust Co. v. Cochran, 219 Ala. 81, 121 So. 66 (1929), was not a contract case and therefore has no application to the present case. However, as we noted in the original opinion, this Court embraced the Cochran rule in Harrell, an action for a declaratory judgment on the question whether the policy had been canceled. Therefore, this argument also has no merit.
The application for rehearing is overruled.
APPICATION OVERRULED.
HOOPER, C.J., and HOUSTON, COOK, SEE, BROWN, and JOHNSTONE, JJ., concur.
MADDOX, J., recuses himself.

. The policy states, "Proof of mailing shall be sufficient proof of notice.” Section 27-23-25, Ala.Code 1975, states, "Proof of mailing of notice of cancellation or of reasons for cancellation to the named insured at the address shown in the policy shall be sufficient proof of notice.”